# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# (Southern Division)

| | |
|---|---|
| FTI CONSULTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN ORSZAG, <br><br> Defendant. | Case No. 8:23-cv-03200-PJM |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL[1]

Whereas, the parties have stipulated that certain pre-discovery and discovery material be treated as confidential or highly confidential;

Accordingly, it is this **28** day of October, 2024, by the United States District Court for the District of Maryland, ORDERED:

1. **Designation of Protected Material.** All documents produced in discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

    (a) The designation of confidential information shall be made by placing or affixing on each page of a document, in a manner which will not interfere with its legibility, the word(s) "Confidential" or "Highly Confidential –Attorney's Eyes Only." For digital

---

[1] This stipulated protective order is pursuant to Local Rules 104.13 and 104.14, and is adapted from forms contained in Appendix D to the Local Rules.

native files, the designation of confidential information shall be made by including the word(s) "Confidential" or "Highly Confidential –Attorney's Eyes Only" within the filename; and for digital structured data collections, the designation of confidential information shall be made at the time of production in a cover letter specifying precisely each such data collection being designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only."

(b) One who provides material may designate it as "Confidential" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. One who provides material may designate it as "Highly Confidential – Attorney's Eyes Only" only when such person in good faith believes that it contains competitively sensitive business information that, if disclosed to a competitor, would reasonably be expected to cause significant competitive, commercial, or financial harm, or potential exposure to antitrust liability. *See* Fed. R. Civ. P. 26(c); L.R. 104.13. A party shall not unnecessarily designate material as "Confidential" or "Highly Confidential – Attorney's Eyes Only," or make such a designation without reasonable consideration of whether such material qualifies for such designation. Except for devices or data collections produced for inspection (including for forensic copying), the designation of confidential information for specific items shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event devices or data collections are produced for inspection, they may be produced before items are individually marked confidential, in which case: (i) they will be treated as presumptively confidential by the parties and their respective counsel and vendors; and (ii) once items have been individually

reviewed and produced by the producing party, any documents and data containing confidential information will then be designated confidential. There will be no waiver of confidentiality by the inspection or forensic copying of devices or data collections containing confidential information before being marked confidential pursuant to this procedure.

(c) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such within 30 days after receipt of the final transcript or within another mutually agreeable time period. Any testimony which describes a document that has been designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only," as described above, shall also be deemed to be designated as "Confidential" or "Highly Confidential –Attorney's Eyes Only."

(d) Information or documents designated as "Confidential" or "Highly Confidential –Attorney's Eyes Only" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) or (f) below, respectively, for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(e) Counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "Highly Confidential –Attorney's Eyes Only" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (i) Disclosure may be made to outside counsel and employees of outside counsel for the parties who have direct functional responsibility for the

preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to one designated in-house or other counsel who (I) has executed the "Agreement to be Bound by Protective Order" attached hereto as Appendix A; (II) agrees that Highly Confidential information shall only be used for purposes of providing advice on this litigation and for no other purpose, and will not be shared or disclosed, directly or indirectly, to any other employee, officer, director, or agent of the FTI Group; and (III) at the time of signing the Agreement to be Bound by Protective Order, during the pendency of this litigation and for a period of one year following the entry of an order, judgment or decree finally disposing of this litigation, will not participate in or advise on any Competitive Decision-Making. "Competitive Decision-Making" means decision-making or legal advice related to the economic consulting business segment of the FTI Group (or any actual or potential competitor thereto) concerning (a) the recruitment or retention of, including the negotiation of employment contracts with, experts or professional staff in that business segment, (b) the opening or closing of offices (including leasing office space) for that business segment, (c) setting rates for professional services offered by that business segment, or (d) negotiating mergers or acquisitions, or similar major corporate transactions, involving that business segment. FTI's designee shall be Jamie Kase.

4

(iii) Disclosure may be made to court reporting and videography services engaged for depositions, vendors engaged for e-discovery, and consultants engaged by counsel to assist in preparing for, or presenting evidence at, hearings and trials (collectively, "litigation support services"). Prior to disclosure to any litigation support services, each such vendor must agree to be bound by standard confidentiality provisions consistent with this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (collectively, "experts") employed by counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert shall be provided with a copy of, and agree in writing to become subject to, the provisions of this Order requiring that the documents and information be held in confidence by signing the "Agreement To Be Bound by Protective Order" attached hereto as Exhibit A.

(v) Disclosure may be made to witnesses at deposition or trial, provided that such witness was the author, addressee, or recipient of the designated "Highly Confidential –Attorney's Eyes Only" document or the electronic or paper document was found in such witness's files, provided that such witness may not retain copies of documents designated "Highly Confidential –Attorney's Eyes Only" unless permitted by other provisions of this Order.

(vi) For avoidance of doubt, except as authorized for the designated in-house or other counsel under subparagraph (e)(2), no disclosure of "Highly Confidential –Attorney's Eyes Only" documents or information may be made to

5

any other employees, officers, directors, or directly employed counsel (e.g., general counsel) of a party.

(f) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "Confidential" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to litigation support services. Prior to disclosure to any litigation support services, each such vendor must agree to be bound by standard confidentiality provisions consistent with this Order.

(iv) Disclosure may be made to experts, as defined above, employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert shall be provided with a copy of, and agree in writing to be subject to, the provisions of this Order requiring that the documents and information be held in confidence by signing the "Agreement To Be Bound by Protective Order" attached hereto as Exhibit A.

(g) Counsel for the parties shall keep all documents designated as "Confidential" or "Highly Confidential –Attorney's Eyes Only" which are received under this Order secure and shall take reasonable and customary efforts to place such documents in secure locations and systems.

(h) All copies, duplicates, extracts, summaries, or descriptions (collectively, "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word(s) "Confidential" or "Highly Confidential –Attorney's Eyes Only" if those designations do not already appear.

2. **Protected Information Filed with Court.** To the extent any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to Local Rules 104.13(c) and 105.11 ("Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by Local Rule 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Paragraph 4 of this Confidentiality Order.

3. **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion, following Conference of Counsel as provided for under Local Rule 104.7. The burden of proving the confidentiality of designated information remains with the party asserting the designation.

4.      The provisions of Federal Rule of Civil Procedure 37(a)(5) apply to such motions.

5.      **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6.      **Non-Waiver of Attorney-Client Privilege and Work Product Protection.** Pursuant to Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502(d) and (e), the disclosure during discovery of any document, data, communication, or information (collectively, document) that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work product protection ("Protection" or "Protected," as the case may be), as defined by Federal Rule of Evidence 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that document or the subject matter of that document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Federal Rule of Evidence 502(a)(2) and (3). The parties intend that this stipulated Order shall displace the provisions of Federal Rule of Evidence 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise. *Id.*

7. **Redactions of Certain Materials.** The Parties may redact information that is (1) privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity, (2) sensitive personally identifiable information (*e.g.*, credit card numbers, account passwords, SSNs); or (3) third-party client information designated as having protected status (such as confidential or highly confidential) under a court's order or a confidentiality or non-disclosure agreement in a different matter that is unrelated to the claims or defense in this lawsuit. For avoidance of doubt, category (3) does not allow for redaction of information that is relevant to any party's claims or defenses in this lawsuit.

8. **Return of Privileged or Protected Materials.** Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the document(s) in question), any document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the Court shall not consider the provisions of Federal Rule of Evidence 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the document in question.

9. In this Order, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

10. In this Order, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

| | |
|---|---|
| KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. | ZUCKERMAN SPAEDER LLP |
| /s/ Mark C. Hansen | /s/ William J. Murphy |
| Mark C. Hansen (State Bar No. 12266) | William J. Murphy (Fed. Bar No. 00497) |
| James M. Webster, III (State Bar No. 23376) | Daniel P. Moylan (Fed. Bar No. 26476) |
| David L. Schwarz (admitted *pro hac vice*) | 100 East Pratt Street, Suite 2440 |
| Kevin D. Horvitz (admitted *pro hac vice*) | Baltimore, MD 21202-1031 |
| Rachel T. Anderson (admitted *pro hac vice*) | Tel.: (410) 949-1146 |
| 1615 M Street, N.W., Suite 400 | Fax: (410) 659-0436 |
| Washington, D.C. 20036 | wmurphy@zuckerman.com |
| Tel.: (202) 326-7900 | dmoylan@zuckerman.com |
| Fax: (202) 326-7999 | |
| mhansen@kellogghansen.com | Caroline Judge Mehta (admitted *pro hac vice*) |
| jwebster@kellogghansen.com | Ezra B. Marcus (admitted *pro hac vice*) |
| dschwarz@kellogghansen.com | 1800 M Street NW, Suite 1000 |
| khorvitz@kellogghansen.com | Washington, DC 20036 |
| randerson@kellogghansen.com | Tel.: (202) 778-1800 |
| | Fax: (202) 822-8106 |
| | cmehta@zuckerman.com |
| *Counsel for Defendant Jonathan M. Orszag* | emarcus@zuckerman.com |

WILKINSON STEKLOFF LLP

Brian L. Stekloff (Fed. Bar No. 26835)
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel.: (202) 847-4000
Fax: (202) 847-4005
bstekloff@wilkinsonstekloff.com

*Counsel for Plaintiff FTI Consulting, Inc.*

So ordered this _____ day of October, 2024,

/s/ Peter J. Messitte

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

11

## EXHIBIT A

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____ [PRINT OR TYPE FULL NAME], state:

1. I reside at _____.

2. My present employer is _____.

3. I agree to keep confidential all documents and information provided to me in the matter of *FTI Consulting, Inc. v. Jonathan M. Orszag*, Case No. 8:23-cv-03200-PJM pending in the United States District Court for the District of Maryland, and to be subject to the authority of that Court in the event of any violation or dispute related to this Agreement.

4. I have received a copy of, reviewed, and agree to be bound by the Stipulated Protective Order Regarding Confidentiality entered in the aforementioned case, and I will not divulge any information, documents, or things that are subject to the Stipulated Protective Order Regarding Confidentiality except in accordance with the provisions of the Order.

5. I state under penalty of perjury that the foregoing is true and correct.

Executed on _____, _____.

_____
Signature

_____
Printed Name