UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| FTI CONSULTING, INC.,<br><br>       Plaintiff,<br>  v.<br><br>JONATHAN ORSZAG,<br><br>       Defendant.<hr>JONATHAN ORSZAG,<br><br>       Counterclaim Plaintiff,<br>  v.<br><br>FTI CONSULTING, INC. &<br>STEVEN GUNBY,<br><br>       Counterclaim Defendants. | Case No. 8:23-cv-03200-BAH |

## PLAINTIFF'S MOTION FOR ENTRY OF A SCHEDULING ORDER

Plaintiff FTI Consulting, Inc. respectfully moves for an order setting a schedule for discovery on its claims against Defendant Jonathan Orszag, which Mr. Orszag has answered. This case has been pending for over 16 months. More than five months have passed since the Court ruled that FTI has stated plausible claims for relief and ordered the parties to submit a proposed scheduling order. *See* MTD Opinion, ECF No. 80; Order, ECF No. 81. And nearly three months have passed since Mr. Orszag filed his Answer and Counterclaims. ECF No. 86. FTI's claims are at issue, and discovery should be allowed to proceed.

This case involves Mr. Orszag's breaches of fiduciary and contractual duties to FTI, including misusing FTI's confidential information, to obtain investment financing to set up a competing venture. While a senior leader of Compass Lexecon LLC, a subsidiary of FTI, Mr.

Orszag began active efforts to secure outside funding for a new firm he valued based on inside information regarding Compass Lexecon's personnel and financial performance. Through preliminary discovery authorized by the Court and FTI's ongoing investigations, FTI suspects that Mr. Orszag was aided and abetted in his misconduct by other former employees at Compass Lexecon in misusing FTI's confidential information, including commercially sensitive information about "Compass Lexecon's estimated revenue, its overhead expenses as a share of revenue, the total revenue generated directly by the subsidiary's senior professionals, the amount of compensation paid to those senior professionals, and the amount outstanding on loans FTI made to Compass Lexecon employees." MTD Opinion, ECF No. 80 at 5.

Commencing discovery is especially pressing now, because during the last five months, Mr. Orszag and his new firm have been benefiting from his misuse of this highly sensitive and confidential information to launch his competing economic consulting firm. In many of his public statements promoting his new firm, Mr. Orszag has touted employees and clients that he "effectively leech[ed]," *id.* from FTI's subsidiary, Compass Lexecon. FTI has alleged that Mr. Orszag recruited many of those employees, and secured financing for his new firm, by exploiting FTI's confidential information to which he had access as one of Compass Lexecon's senior leaders. Mr. Orszag's actions taken in furtherance of his breaches of fiduciary duty and his misuse of confidential information—and the resulting harm to Compass Lexecon and FTI—are ongoing.

Other former employees of Compass Lexecon who have left to join Mr. Orszag's new firm also appear to have misused confidential information—prior to and after their departure—to assist Mr. Orszag. For example, former employees of Compass Lexecon—while still employed there— appear to have sent Mr. Orszag confidential data concerning revenue generation by individual employees as well as internal appraisals of employee performance. Such information would plainly

be of use to Mr. Orszag in identifying Compass Lexecon employees as targets to recruit for his new firm.

In light of these circumstances among others, FTI anticipates that discovery (including third-party discovery) may uncover evidence to support its existing claims against Mr. Orszag as well as grounds to add former employees of Compass Lexecon as additional defendants in this action. In addition, because Mr. Orszag's new firm, Econic Partners LLC,, has been a direct beneficiary of Mr. Orszag's misuse of confidential information, FTI is also investigating whether to add that entity as an additional defendant.  But FTI cannot undertake such discovery without a scheduling order.[1]

FTI's pending Motion to Dismiss Mr. Orszag's Counterclaims is no reason to delay entry of a scheduling order. Delaying discovery pending resolution of FTI's Motion to Dismiss will not meaningfully conserve judicial or party resources. FTI's claims have already been allowed to proceed, and thus discovery will necessarily occur in this case regardless of how the Court resolves FTI's pending Motion to Dismiss Mr. Orszag's Counterclaims. Moreover, the resolution of FTI's Motion to Dismiss likely will not have significant impact on the scope of discovery because of the substantial overlap in relevant facts between FTI's claims and Mr. Orszag's counterclaims. *See Ellicott Dredges, LLC v. C.J. Mahan Constr. Co.*, Civil No. 14-3557-ELH, 2015 WL 13840884, at *2 (D. Md. Oct. 22, 2015) (denying motion to stay discovery pending resolution of a motion to dismiss the defendant's counterclaims because of the "high degree of commonality of facts" between the counterclaims and the plaintiff's surviving claims).

---

[1] FTI has also previously set forth a number of open issues on which discovery would proceed if authorized by the Court. *See* Status Report of Plaintiff FTI Consulting, Inc., ECF No. 90, at 5–6.

Upon resolving Mr. Orszag's Motion to Dismiss and ruling that FTI has stated plausible claims for relief, the Court ordered the parties to submit a joint proposed scheduling order. Order, ECF No. 81. The parties met and conferred, including after Mr. Orszag filed his Answer and Counterclaims, but could not agree on a joint proposal. *See generally* Status Report of Plaintiff FTI Consulting, Inc., ECF No. 90; Defendant/Counterclaim-Plaintiff Jonathan M. Orszag's Status Report, ECF No. 92. In particular, Mr. Orszag would not agree to propose a schedule for any discovery on FTI's claims beyond initial disclosures under Rule 26(a)(1). *See* Defendant/Counterclaim-Plaintiff's Proposed Scheduling Order, ECF No. 93.

There is no cause to delay discovery any further. Indeed, delaying discovery simply will permit Mr. Orszag to take further advantage of the confidential information that he has misused and cause further harm to FTI and Compass Lexecon.  FTI respectfully asks that the Court enter the Proposed Scheduling Order attached to this Motion, or alternatively order the parties to promptly meet and confer, and submit a joint proposal, with respect to all discovery deadlines on FTI's claims and on Mr. Orszag's counterclaims to the extent they survive the pending Motion to Dismiss.

Date: April 11, 2025

Respectfully submitted,

ZUCKERMAN SPAEDER LLP

 */s/ William J. Murphy*

William J. Murphy (Fed. Bar No. 00497)
Daniel P. Moylan (Fed. Bar No. 26476)
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
(410) 949-1146 (office)
(410) 659-0436 (fax)
wmurphy@zuckerman.com
dmoylan@zuckerman.com

Ezra Marcus (admitted *pro hac vice*)
2100 L Street, NW, Suite 400

Washington, DC 20037
(202) 778-1800 (office)
(202) 822-8106 (fax)
emarcus@zuckerman.com

Leila Bijan (admitted *pro hac vice*)
485 Madison Ave, 19th Floor
New York, NY 10022
(212) 704-9600 (office)
(212) 704-4256 (fax)
lbijan@zuckerman.com

WILKINSON STEKLOFF LLP

Brian L. Stekloff (Fed. Bar No. 26835)
2001 M Street NW, 10th Floor
Washington, DC 20036
(202) 847-4000 (office)
(202) 847-4005 (fax)
bstekloff@wilkinsonstekloff.com

*Counsel for Plaintiff FTI Consulting, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on April 11, 2025, the foregoing document was filed in this matter through the Court's CM/ECF system, causing a copy to be served on all registered participants identified on the Notice of Electronic Filing.

*/s/ William J. Murphy*

*Counsel for Plaintiff FTI Consulting, Inc.*
