IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FTI CONSULTING, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 23-3200-BAH |
| JONATHAN ORSZAG, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Pending before the Court is Plaintiff FTI Consulting, Inc.'s ("FTI's") motion for entry of a scheduling order. ECF 104. Defendant Jonathan Orszag filed an opposition, ECF 106, and FTI filed a reply, ECF 108. Also pending is the motion to dismiss Orszag's counterclaim filed by FTI and Steven Gunby. ECF 100. This order will not resolve that motion to dismiss.

FTI argues that the entry of a scheduling order is warranted to prevent alleged misuse of FTI's confidential information and that delaying discovery will not preserve the Court's or the parties' resources, as FTI's claims will move forward regardless of how the motion to dismiss is resolved and the scope of discovery will remain largely the same. ECF 104-1, at 3. Orszag argues that proceeding to discovery with the motion to dismiss the counterclaim pending would be inefficient, especially considering that FTI has requested that discovery on the counterclaim not commence until resolution of the motion to dismiss, and that FTI would not be prejudiced by the delay. *See* ECF 106, at 2–6. In reply, FTI emphasizes that it filed suit in 2023 and reiterates its position that discovery on FTI's claims will not waste resources. *See* ECF 108, at 1–3.

2

It is the undersigned's general practice is to refrain from entering a scheduling order until all defending parties have answered the operative pleadings (including the complaint and any counter or crossclaim), which necessarily requires waiting until after resolution of any motion to dismiss, including a motion to dismiss a counterclaim.  While the Court appreciates FTI's concern over a delay in commencing discovery, any additional delay in entering a scheduling order will not last longer than a few months at most.  Though FTI's claims will undoubtedly progress to discovery, if the parties' accusations of bad faith are any indication, discovery disputes appear likely to arise.  Defined discovery bounds would therefore better serve the interests of efficiency and judicial economy.  Upon consideration of the parties' papers, the second amended complaint, and the counterclaim, the Court therefore finds it prudent to wait to enter a scheduling order until the motion to dismiss the counterclaim is resolved and FTI has filed an answer to the counterclaim, if necessary.

FTI's motion for entry of a scheduling order, ECF 104, is therefore DENIED.


Dated: June 2, 2025                                          /s/
                                                   Brendan A. Hurson
                                                   United States District Judge