

2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

December 12, 2025

The Honorable Ajmel A. Quereshi
United States Magistrate Judge
U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *FTI Consulting, Inc. v. Orszag*, Case No. 8:23-cv-03200-BAH

Dear Judge Quereshi:

      Pursuant to the Court's expedited discovery dispute procedure (ECF No. 143), the parties' joint letter of December 5, 2025 (ECF No. 154), and the Court's Order of December 6, 2025 (ECF No. 155), FTI submits this letter brief to preview the new parties and allegations in its forthcoming Third Amended Complaint, and to explain why there is good cause for—and no prejudice from— waiting to conduct fact depositions after FTI submits the proposed amendment.

      *Background*

      After some limited-purpose fact discovery in 2024, full-blown fact discovery began in earnest this fall. The parties commenced their general document productions last month, and will continue on a rolling basis. Some third parties have made document productions, while others have yet to do so. No depositions have been held since the limited-purpose discovery in 2024.

      The current case schedule sets January 2, 2026, as the deadline for "[m]oving for joinder of additional parties and amendment of pleadings." (ECF No. 126). As described below, FTI will timely move for leave to amend. While FTI is open to revisiting the case schedule if necessary once the Court rules on the proposed amendment, it is not asking the Court to do so now, nor is it seeking to delay document discovery. All FTI seeks is to schedule the depositions that Mr. Orszag wishes to conduct after the proposed amendment is submitted. The depositions would still be held well before the close of fact discovery under the current schedule. *See* ECF No. 126 (setting March 23, 2026 as the close of fact discovery).

      *The Proposed Amendment*

      The Third Amended Complaint will add new claims and a new defendant: former Compass Lexecon President and Econic Founding Partner, Dr. Mark Israel. Following Mr. Orszag's termination, Dr. Israel assumed the role of Compass Lexecon President from December 2023 through March 2025. The evidence shows that, throughout this period, Dr. Israel acted in concert with Mr. Orszag to take over Compass Lexecon's business and raid its personnel and clients to benefit Mr. Orszag's new firm, Econic.

The Honorable Ajmel A. Quereshi
December 12, 2025
Page 2

      Among other specifics, the Third Amended Complaint will allege that, on at least four occasions in 2024, Dr. Israel emailed highly sensitive revenue reports to Mr. Orszag without authorization and against the interests of Compass Lexecon. These reports included extensive aggregations of data about FTI and Compass Lexecon's professionals, clients, finances, and operations, which derive independent economic value from not being generally known or readily reproducible outside the firm. Dr. Israel provided these reports to Mr. Orszag for their common purpose of targeting Compass Lexecon's key clients, matters, and personnel. The Third Amended Complaint will also allege that, on November 21, 2024, Dr. Israel informed his financial advisor that he would accept a lucrative equity interest in Econic and a position on Econic's board. Dr. Israel did not disclose this key information to Compass Lexecon or FTI when, weeks later, he executed a new employment agreement extending his tenure at Compass Lexecon through March 31, 2025. The Third Amended Complaint will also allege that Dr. Israel used his position as President of Compass Lexecon to steer employees and business to Econic, including passing on new matters to colleagues he knew were leaving for Econic, advising those colleagues to help their clients retain experts at Econic, and declining to take on matters on behalf of Compass Lexecon while urging Mr. Orszag that Econic take them on.

      A recent production of the voluminous deal file of Econic's financial backer, Goldman Sachs, confirms that, as of December 2024, Dr. Israel had agreed to join Econic by the following April. Yet Dr. Israel not only withheld this information from FTI and Compass Lexecon, but actively misled them about it, claiming that he planned to teach or become an independent contractor once his agreement with Compass Lexecon ended on March 31, 2025.

      In sum, FTI's current Complaint only tells half the story: that of Mr. Orszag's actions. FTI now understands that Mr. Orszag was acting in concert with Dr. Israel. As FTI will allege in the Third Amended Complaint, during the pivotal period of 2024 and early 2025, Mr. Orszag worked from the outside to undermine FTI and Compass Lexecon and divert clients and personnel to Econic, while Dr. Israel worked on the inside towards the same goal.

      FTI has uncovered these facts despite receiving only limited productions from Mr. Orszag, and no productions from Dr. Israel or Econic, in response to FTI's document requests. Mr. Orszag has delayed producing text messages—including potential exchanges with Dr. Israel—for over a year. In November 2024, the parties briefed Mr. Orszag's refusal to meaningfully review and produce his text messages. Since then, Mr. Orszag backed off his prior position and agreed to a more robust review and production (subject to a date-cutoff issue addressed in a separate set of letter briefs), yet his initial rolling production last month did not contain any one-on-one texts with Dr. Israel (just group texts in which others beyond Mr. Orszag and Dr. Israel were included). As for Dr. Israel, as well as four other senior Econic employees and Econic itself, all had committed to begin producing certain documents and communications requested by FTI by last week, then reversed course days ago after consulting with Mr. Orszag and are now refusing to produce anything until the motion for leave has been litigated. Whatever the merits of these positions may be, it is clear that Mr. Orszag, Dr. Israel, and Econic are pursuing a coordinated strategy of limiting the amount of information FTI can obtain before the deadline to amend the Complaint expires.

The Honorable Ajmel A. Quereshi
December 12, 2025
Page 3

At present, FTI has only decided to add Dr. Israel as a new defendant, and to add counts against Mr. Orszag and Dr. Israel based on the allegations previewed herein. FTI is expeditiously reviewing the Goldman Sachs deal file and other productions to assess whether further changes—including the potential addition of other claims or defendants—are necessary. FTI is also evaluating whether, as part of the forthcoming claims against Mr. Orszag and Dr. Israel, Compass Lexecon should be added as a plaintiff. FTI will complete these assessments and submit the proposed amendment as soon as practicable, prior to the January 2 deadline.

*Implications for Discovery*

The instant dispute concerns whether the depositions of Compass Lexecon employees requested by Mr. Orszag should proceed before the new year. Mr. Orszag would like to depose at least 12 Compass Lexecon personnel this month. Only one of those depositions was scheduled, and some of the remaining deponents are not available in late December.

FTI submits that there is good cause for all the depositions at issue to be held after the proposed amendment is submitted to the Court. This would allow Dr. Israel the opportunity to participate should he choose to do so. All the deponents in question are Compass Lexecon employees. Their depositions will concern events that occurred while Dr. Israel was at Compass Lexecon and which may bear as much on the allegations against him as on the allegations against Mr. Orszag. FTI would agree that Dr. Israel's counsel could participate in the depositions with a full reservation of rights to contest the Third Amended Complaint. If any other proposed defendant were to be included in the Third Amended Complaint, FTI would extend the same offer to them.

FTI is concerned that proceeding with the depositions now, as Mr. Orszag insists, will thereafter be used against FTI in opposing leave to amend. When FTI raised this concern in the parties' meet and confer, Mr. Orszag did not deny that he may cite that the depositions were held in opposing leave to amend. As for Dr. Israel, it is hard to see how he could meaningfully participate in any depositions, or even decide whether to participate, until he reviews the Third Amended Complaint and obtains full notice of the proposed claims against him.

Moreover, there is no prejudice to Mr. Orszag in delaying the depositions in question. The deadline for submitting the proposed amendment is just 21 calendar days from today, and those calendar days include numerous year-end holidays. If, after the proposed amendment is submitted, Dr. Israel agrees with the depositions proceeding expeditiously (with or without his participation), most and perhaps all of them could be completed in January. And if Dr. Israel would prefer for some to be scheduled later, the parties could try to align on a timeline that works for everyone.

Finally, FTI is not seeking to delay any ongoing document discovery. FTI has produced and will continue to produce materials from over 20 FTI and Compass Lexecon custodians. And FTI sees no reason for Mr. Orszag to halt his rolling productions, or for Dr. Israel and Econic to refuse or delay the productions that they previously agreed to make. In any event, there is no principled basis for Mr. Orszag to proceed as he is doing here: on the one hand by insisting on deposing numerous Compass Lexecon personnel before the new year at the risk to FTI's ability to obtain leave to file the Third Amended Complaint, and on the other hand by prompting Dr. Israel and Econic to refuse to produce documents to FTI until the proposed amendment is litigated.

The Honorable Ajmel A. Quereshi
December 12, 2025
Page 4

Respectfully submitted,

_____
Kosta S. Stojilkovic