Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

December 12, 2025

*Via ECF*

Judge Ajmel A. Quereshi
United States Magistrate Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:   *Orszag v. FTI Consulting, Inc. & Gunby*, No. 8:23-cv-03200-BAH-AAQ (D. Md.)

Dear Judge Quereshi:

    Consistent with the Standing Order on Resolution of Discovery Disputes (*see* ECF No. 143), we write to respectfully request that the Court order FTI to proceed in a timely manner with the depositions of thirteen employees whom FTI "suspects" were solicited by Mr. Orszag. Two of these depositions were requested seven weeks ago, and the other eleven nearly four weeks ago. That FTI may seek to add unknown parties and claims at some unknown date has no bearing on Mr. Orszag's right to proceed with depositions now.

    At all times, Mr. Orszag has sought the expeditious resolution of this litigation so that he can clear his name and remove the cloud of uncertainty that was the very reason FTI filed its bad-faith suit (according to its CEO, Counterclaim Defendant Gunby). Upon receiving FTI's October 16 Interrogatory Response identifying supposedly solicited individuals, Mr. Orszag quickly requested deposition dates for two (Drs. Dennis Carlton and Mary Coleman) to establish that they were never solicited. When this Court held that FTI could list persons it merely "suspected" were solicited, Mr. Orszag promptly requested dates for the eleven other individuals FTI had identified to likewise establish they were not solicited. Once confirmed by the individuals themselves, discovery could focus on the real areas of dispute. After providing dates for Drs. Carlton and Coleman, FTI reversed course and now refuses to put up *any* witnesses for deposition *at this time*. FTI thereby seeks to derail the existing schedule and to obtain indirectly the protracted schedule it sought that the Court already rejected. That is not permissible. If FTI seeks to amend the discovery schedule, it can move under Rule 16. But it cannot circumvent the Court-ordered schedule in place now, and the Court should reject FTI's attempt to do so.

    \*                \*                \*

    Between October 23 and November 17, 2025, Mr. Orszag asked to schedule depositions of each individual FTI had identified in its sworn Interrogatory Response that it "suspects" Mr. Orszag solicited. Mr. Orszag offered to conduct twelve of these depositions via Zoom (with only Dr. Carlton in person), up to three per day (given that each would be short), and requested dates in the month of December. Mr. Orszag had a simple goal that counsel conveyed to FTI: Mr. Orszag knows he did not solicit these individuals (many were among the 110 senior Compass Lexecon professionals who sent a letter in July 2024 to FTI's CEO confirming they were never solicited, *see* ECF No. 86-3), and so, by taking their depositions quickly, Mr. Orszag could narrow the case. The remaining three months of discovery could then focus on the parties' substantive dispute. While FTI initially confirmed dates for two depositions, it has since cancelled them and refused to schedule those or any others. FTI's dilatory tactics threaten to upend the Schedule set by Judge Hurson and will preclude timely resolution of the case.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

As set forth in Mr. Orszag's Counterclaims, FTI is using this litigation to try to harm Mr. Orszag personally and professionally. ECF No. 122, ¶¶ 1, 9-11, 19, 101-102. Its CEO has admitted, repeatedly, that FTI sued Mr. Orszag to try to prevent him from leaving Compass Lexecon in the short term and from ever competing in the long term. FTI highlights the litigation when trying to convince prospective hires to join Compass Lexecon—rather than Mr. Orszag's venture—and has advised its professionals that working with Mr. Orszag could be career ending. Its internal documents talk about driving up Mr. Orszag's costs, making good on Mr. Gunby's threat to "bury" Mr. Orszag in litigation. *Id.*, ¶ 35; ECF No. 30-6.

While Mr. Orszag has sought to clear his name as quickly as possible, FTI consistently has sought to protract this litigation. When Judge Hurson issued an initial Scheduling Order (calling for fact discovery to end on January 2, 2026), he solicited the parties' input on that schedule. Mr. Orszag proposed the same January 2 close of fact discovery as in the Court's initial Order. By contrast, FTI sought a lengthy schedule, with fact discovery closing on June 26, 2026. ECF No. 125. The Court set March 23, 2026, as the end of fact discovery. ECF No. 126.

Almost immediately, FTI began complaining that discovery would be impossible under the Court-ordered Schedule. During the parties' September 22 meet-and-confer, FTI told undersigned counsel that the schedule was "not realistic." FTI then dragged its feet on key issues including search terms and custodians. FTI took more than a month to commit to custodians. *Compare* Letter from D. Schwarz (Sep. 12, 2025) (proposing custodians), *with* Letter from D. Braun (Oct. 31, 2025) (committing to all custodians except those listed as potentially solicited). FTI committed to produce Dr. Carlton's documents by December 1, but failed to do so. Now, just when discovery is meaningfully underway, FTI claims it will seek leave to amend its Complaint for a third time (which Mr. Orszag will oppose), but it refuses to tell Mr. Orszag when it will seek leave or what parties and claims it will be attempting to add. Based on that not-yet-filed motion—which has no legal effect unless and until Judge Hurson were to grant leave over Mr. Orszag's opposition—FTI refuses to proceed with any depositions, even those previously scheduled.

FTI knows that refusing to produce any witnesses in December will threaten the existing Schedule, and that it will be difficult to fit all depositions between when the motion for leave is resolved and March 23. FTI's purported justification—that the putative new defendant(s) might want to participate in discovery—is untenable. Mr. Orszag will oppose FTI's motion for leave because it is a transparent attempt to blow up the case schedule that FTI opposed, but the Court ordered. Unless and until FTI's motion is granted, no new defendant(s) is even before the Court. No such non-party can reasonably be expected to spend time and money first getting up to speed and then participating in depositions before it is clear if they will even be in a case (and without having received any discovery at all). But, if depositions cannot proceed until Judge Hurson rules on FTI's motion—such that (if granted) the new defendant(s) is actually made a party and, therefore, can be reasonably expected to participate—this case is effectively on ice.

The logical consequence of FTI's proposal is more delay. Assume FTI seeks leave to amend its Complaint on January 2, 2026. Mr. Orszag will have two weeks to file his opposition, with FTI's reply due two weeks later: January 30. Local Rule 105(2)(a). The Court likely would not even decide the motion until February at the earliest. And unless the Court allows FTI

Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

a third amendment over Mr. Orszag's opposition, the motion changes nothing.  If granted, the new defendant(s) may file a motion to dismiss, and even if they seek only 30 days to do so (they would get 60 if they waived service), that motion would not be fully briefed until April 2026 at the earliest, and would not be decided until later still (the Court resolved the most recent motion to dismiss three months after briefing completed).  That will torpedo the current Schedule and serve FTI's interest in perpetuating this litigation as long as possible.

FTI's approach is further at odds with Judge Hurson's direct instructions to the parties that discovery should not proceed until the contours of a case are fully defined and the Complaint answered.  ECF No. 109, at 2 (Court's "general practice [is] to refrain from entering a scheduling order until all defending parties have answered the operative pleadings (including the complaint and any counter or crossclaim), which necessarily requires waiting until after resolution of any motion to dismiss[.]").  Thus, even if the Court granted leave and the putative defendant(s) lost any motion to dismiss immediately, the defendant(s) would not need (and could not be expected) to participate in depositions before late April 2026 at the earliest—and that assumes that any putative defendant(s) does not file any counterclaim(s) against FTI, which would delay the schedule even further.  More realistically, the putative defendant(s) would not participate in depositions until after filing an answer or counterclaim(s), which cannot plausibly happen before summer.  That is months *after* the end of fact discovery under the current Schedule.  If depositions are on hold until any putative defendant(s) needs to participate in depositions, then no depositions can occur until late summer (at the earliest), and FTI has effectively granted itself a multi-month extension of the current fact discovery deadline.  If FTI seeks to amend the Schedule, it should do so through the proper channels—a motion under Rule 16(b)(4) demonstrating, among other things, good cause—not through rear-guard action.

Even accepting that FTI is legitimately concerned with the prejudice to any potential new party to the litigation, those concerns are easily assuaged.  *First*, FTI can tell Mr. Orszag whether the new claims it intends to bring even implicate the witnesses that Mr. Orszag seeks to depose.  When asked on the December 1 meet-and-confer for more information regarding the new parties and claims, FTI refused to answer.  Importantly, FTI did not identify any overlap between the narrow, "suspected" solicitation claims motivating the depositions Mr. Orszag noticed and FTI's to-be-proposed amendment(s).  *Second*, there is a simple solution:  if FTI employees need to be re-deposed if FTI ultimately succeeds in amending its Complaint after more than two years of litigation, those FTI employees can be re-deposed.  The depositions Mr. Orszag seeks are short and unobtrusive:  largely done by Zoom, likely lasting less than 90 minutes, and ideally back-to-back.  In the face of these options, FTI's proposal is even more inappropriate.

*            *            *

Mr. Orszag wants only to ensure that the litigation proceeds on the existing schedule, focused on the facts and claims operative in the case – not to shadowbox with FTI's unfiled claims.  But FTI's latest delay tactic in refusing to cooperate with any depositions unfairly prejudices Mr. Orszag and threatens the operative Schedule.  There are dozens of depositions that will need to occur before the end of the fact discovery, and FTI has effectively put them all on hold and blown up the existing Schedule.  The Court should order FTI to proceed with depositions immediately, and to put up all thirteen noticed deponents by no later than January 9.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

                                                                        Respectfully submitted,

                                                                        */s/ David L. Schwarz*

                                                                        David L. Schwarz

cc:   Counsel of Record