UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FTI CONSULTING, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 8:23-3200-BAH |
| JONATHAN ORSZAG, | * | |
| Defendant. | * | |

## ORDER

This Order memorializes the Discovery Hearing held on January 16, 2026. ECF No. 190.

### I.     Search Term Dispute

To resolve the dispute highlighted in ECF No. 165, the parties' Joint Status Report of December 23, 2025: 1) Defendant shall conduct a linear review of the responsive text messages with Dr. Mark Israel through March 31st; 2) Defendant shall conduct a linear review of the responsive text messages with Robert Paul and Zach Schwartz through January 31st; and 3) Defendant shall conduct a review of text messages with Cathy Barron, Hailey Moor, and Kirsten Edwards through January 31st using the search terms Defendant proposed in ECF No. 165.

### II.    Clawback Dispute

On or before January 23, 2026, Defendant shall produce all versions of the power point in dispute in his possession, custody, or control which he intends to produce. Likewise, on or before the same date, each party shall file a supplemental letter brief addressing the topics below. Plaintiff's supplemental briefing shall address: 1) whether it has received additional versions of the power point, how many versions it has received, and, to the extent it knows, when these versions are from; 2) what Plaintiff believes to be the most significant differences between the

1

versions received and the version in dispute as it relates to Plaintiff's ability to litigate its case; 3) whether Plaintiff believes that the Court must resolve the privilege dispute in light of the additional versions that have been produced; and 4) the number of additional e-mails Defendant sent to his private counsel from his FTI e-mail address and the time period during which these e-mails were sent.  Defendant's supplemental briefing shall include: 1) a declaration from Defendant stating (if true) that the version of the power point in dispute is not the version that was used during his presentation to Goldman Sachs on July 31, 2023 or August 1, 2023, that he did not intend to share publicly the version of the power point in dispute, and (if he recalls) the substantive differences between the version in dispute and the version that was presented to Goldman Sachs; 2) additional information regarding why, or to what end, he was seeking legal advice regarding the power point in dispute; and 3) a copy of the Acceptable Use Policy which Defendant alleges Plaintiff has violated in accessing the version of the power point in dispute.  Each letter brief shall be no more than five pages, single-spaced.  Any exhibits may be filed with the brief, under seal, if necessary, or electronically mailed to Chambers, ex-parte.

      So ordered.

Dated: January 19, 2026                        _____/s/_____
                                                                    Ajmel A. Quereshi
                                                                    United States Magistrate Judge