**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| FTI CONSULTING, INC., <br><br>     Plaintiff, <br><br>   v. <br><br> JONATHAN ORSZAG, <br><br>     Defendant. | Case No. 8:23-cv-03200-BAH <br><br> **<u>REDACTED</u>** |
| JONATHAN ORSZAG, <br><br>     Counterclaim Plaintiff, <br><br>   v. <br><br> FTI CONSULTING, INC. & <br> STEVEN GUNBY, <br><br>     Counterclaim Defendants. | |

**<u>PLAINTIFF'S AND STEVEN GUNBY'S REPLY IN SUPPORT OF</u>**
**<u>MOTION FOR EXTENSION OF DISCOVERY DEADLINES</u>**

Rather than focus on the issue before the Court, Defendant Jonathan Orszag attempts to litigate the merits of the case.  There will be an opportunity for that before a jury.  The question now is whether an extension of the case management schedule is warranted, largely as a result of Defendant's failure to cooperate with discovery.  It is.  Mr. Orszag responds that the extension will prejudice him.  It will not – as his own text message shows.

## I.    DEFENDANT DELAYED DISCOVERY

Mr. Orszag argues there is not "a single thing that [he] has done to delay or frustrate discovery, much less make it impossible to be completed by March 23."  Dkt. 231 ("Opp.") at 2.  But Mr. Orszag does not dispute he produced ***more than 60%*** of his productions ***after*** the deadline for substantial completion of discovery.  Dkt. 226 ("Mot.") at 4.  And he does not dispute he produced his ***first*** one-to-one text messages with Dr. Israel on the substantial-completion deadline – well after the deadline for filing motions to amend pleadings.  *Id.*[1]

Those late-produced text messages – which Plaintiff first requested in June 2024 – are unquestionably some of the most important documents in the case.  Mot. 3-4.  For example, one of Mr. Orszag's theories of the case – highlighted in his opposition brief and counterclaims – is that this lawsuit is a legally meritless business ploy and that FTI's subsidiary Compass Lexecon demanded to be dropped from the suit for that reason.  Opp. 4; *see* Dkt. 115 at 34-35, 65.  On January 30, 2026, Mr. Orszag produced a text exchange with Dr. Israel that refutes that theory.  As the text exchange shows, just a ***week before*** Compass Lexecon dropped out of the suit, Mr. Orszag was conspiring with Compass Lexecon's president, Dr. Israel, about how ███████████████ █████████████████████████████.  Reply Decl. Ex. A at 6.  Mr. Orszag's delay in

---

[1] Mr. Orszag suggests he produced text messages in November and December 2025.  Opp. 11.  He carefully avoids saying any of them were one-on-one with Dr. Israel, because none were.  Mot. 4.

producing his text messages with Dr. Israel (who Plaintiff seeks to add as a defendant), alone, warrants an extension.

Mr. Orszag also fails to mention his ***own actions in the last week***, which show how unrealistic the March deadline is:

- **February 20** – He subpoenaed FTI's communications firm, Collected Strategies LLC, for documents.  Responses and objections are due March 6, 2026.  Reply Decl. Ex. B.

- **February 21** – He served Mr. Gunby with a Second Set of Interrogatories.  Responses and objections are due March 23, 2026.  *Id.* Ex. C.

- **February 21** – He served FTI with a Third Set of Interrogatories.  Responses and objections are due March 23, 2026.  *Id.* Ex. D.

- **February 23** – He subpoenaed KKR & Co. Inc. for a Rule 30(b)(6) deposition noticed for March 17, 2026.  *Id.* Ex. E.

- **February 23** – He served FTI with a Rule 30(b)(6) deposition notice on a date not yet determined.  *Id.* Ex. F.

Disputes over discovery requests still need to be litigated.  Rule 30(b)(6) topics must be negotiated and FTI's Rule 30(b)(6) deposition(s) must be scheduled.  And they must be scheduled, according to counsel for Mr. Orszag, on days that "do not overlap with days with two or more depositions already."  *Id.* Ex. G at 1.  There are precious few such days remaining, especially considering the time necessary to narrow topics and prepare witnesses on those topics.  *See id.* ¶ 8.  But FTI is not "to blame" for any of that.  Opp. 13.  These are Mr. Orszag's requests.  More time is required.

## II.   PLAINTIFF AND MR. GUNBY HAVE NOT "OBSTRUCTED"

Mr. Orszag accuses Plaintiff and Mr. Gunby of "obstructive tactics."  Opp. 7-9.  Not true.

Mr. Orszag complains FTI produced some board member documents after the substantial completion deadline.  Opp. 7.  Many of those documents were duplicates, relevant only to show which board members possessed the documents.  Reply Decl. ¶ 2.  Mr. Orszag identifies no prejudice from the productions, which are a small fraction of Mr. Orszag's own late-produced documents.  *Id.*

2

Mr. Orszag accuses FTI of deficient text-message review and productions. Opp. 7-8, 11. But FTI will complete all text-message review by February 27, and it anticipates producing only a handful of additional text messages. Reply Decl. ¶3.

Mr. Orszag complains FTI has made "thousands of privilege downgrades" based on deficiencies in FTI's privilege log. Opp. 8-9. But there were no deficiencies – FTI voluntarily re-reviewed certain entries on the log to ensure accuracy and clarify the log's presentation. Reply Decl. Ex. H at 1. Regardless, as Mr. Orszag concedes, FTI worked promptly to review its log and made downgrades in a good-faith attempt to resolve the parties' dispute. Opp. 8-9.

Mr. Orszag accuses FTI of drafting a "bad faith interrogatory response" listing individuals Mr. Orszag may have solicited. Opp. 9. But the list was drawn from evidence – including internal employee interviews; ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████, which were discovered in Mr. Orszag's emails; and other testimony taken and documents produced in this case. Reply Decl. ¶4, Exs. I at 11, J at 8, K. Relying on such evidence is not "bad faith."

Finally, Mr. Orszag accuses FTI of "lack of due diligence" in third-party discovery. Opp. 13. But the extension motion shows otherwise. Mot. 5-7. And since the motion was filed, additional progress has been made. Faced with the possibility of a motion to compel, an Econic employee produced additional documents on February 25. Reply Decl. ¶5. That production appears deficient and FTI intends to move to compel according to the Central District of California's rules. *Id.* Goldman Sachs Asset Management, L.P., meanwhile, has agreed to produce additional documents by today and to "expedit[e]" its process to produce more documents by March 16 (a week before discovery is scheduled to close). *Id.* at ¶6. But Plaintiff will still need

time to review and assess the sufficiency of these productions, to litigate or negotiate deficiencies, and to use the documents in preparing for and taking critical depositions currently scheduled in March. An extension will allow that process to play out in an orderly fashion, without the need to re-open depositions in light of documents that have not yet been produced.

## III.    PLAINTIFF AND MR. GUNBY HAVE NOT MISREPRESENTED FACTS

Mr. Orszag wrongly claims Plaintiff and Mr. Gunby have been misrepresenting the "facts" to this Court. Opp. 7-12. Without burdening the Court with every dispute, the following points especially require correction or clarification.

Mr. Orszag claims that Plaintiff "misquote[d] and mischaracterize[d]" Mr. Orszag's September 2025 assurance that he had "produced all relevant communications" of his plans to leave Compass Lexecon if negotiations with FTI failed. Opp. 11. According to Mr. Orszag, he *meant* to limit that representation to communications with individuals "in a specific interrogatory response." *Id.* But the interrogatory response he references *listed Dr. Israel* as one of the people he communicated with. Reply Decl. Ex. L at 4; *see* Dkt. 125 at 11. And Mr. Orszag cannot and does not dispute that his one-on-one messages with Dr. Israel were not produced, even in part, until months later. Those messages, withheld until late in discovery, undeniably included discussions of Mr. Orszag's plans to leave Compass Lexecon if negotiations with FTI failed.[2]

Mr. Orszag claims his "follow-on productions were complete as of February 20." Opp. 13. But he still has not completed producing key communications. On February 25, 2026, FTI sent

---

[2] *See, e.g.,* Reply Decl. Ex. M at 2 (discussing Mr. Orszag's plan ███████████████ ); *id.* Ex. N at 2 (discussing Mr. Orszag's plan ███████████████████████████████████ ███████████████████████████████████████████████████████████████ ), 9 (discussing negotiations with FTI over ████████████████████████████████ ██████████ ), 10 (discussing ██████████████████████████████████ ██████████████████████ , 11 (agreeing ████████████████████████████████ ██████████████████████████████████████████████████████████ ).

Mr. Orszag a deficiency letter demanding production of withheld communications between Mr. Orszag and Compass Lexecon employees through WhatsApp and group text message chains. Reply Decl. Ex. O. Mr. Orszag did not mention that letter in his opposition and has not yet responded.

Mr. Orszag accuses FTI of "delay[ing] bringing" a dispute to this Court over his failure to produce documents related to FTI's damages case. Opp. 11-12. But FTI was prepared to take the parties' dispute to Judge Quereshi on February 20, when FTI's counsel sent a draft joint letter to Mr. Orszag's counsel. Reply Decl. Ex. P. Mr. Orszag's counsel responded by proposing that Mr. Orszag would produce a subset of the requested documents as a compromise. *Id.* In the ensuing negotiations, Mr. Orszag's counsel complained that Mr. Orszag had "no idea who" FTI's former clients are. Opp. 11-12. So FTI sent him a list (which Mr. Orszag fails to mention). Reply Decl. ¶7. The parties remain at an impasse. Plaintiff sent a revised draft of the joint letter on February 26, 2026, to be submitted on February 27, 2026. *Id.* Ex. Q. That shows good faith, not "delay."[3]

## IV.   MR. ORSZAG WILL NOT BE PREJUDICED

Mr. Orszag argues he wants this case to proceed to trial. Opp. 16-17. Plaintiff and Mr. Gunby do too. But ***this case*** will not make it to trial in its current form if the Court grants leave to file the Third Amended Complaint. Indeed, Mr. Orszag practically concedes that granting leave to file the proposed Third Amended Complaint would re-open discovery, requiring ***re-taking*** some or all of the forthcoming ***sixteen*** depositions currently scheduled over the next month (with at least three more not yet scheduled). *See id.* at 5; Reply Decl. ¶8. That makes no sense.

---

[3] None of the cases Mr. Orszag cites suggest an absence of good cause here. Two involved **untimely** motions to amend. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003). In others, the movant offered only vague assertions that additional time was needed, identified no wrongdoing by the other side, or failed to notice depositions without cause. *E.g.*, *Martinez v. D2C, LLC*, No. 23-cv-21394, 2024 WL 1254376, at *2-3 (S.D. Fla. Mar. 25, 2024); *Liu v. SignaGen Labs., LLC*, No. 24-cv-3289, 2026 WL 178014, at *1-2 (D. Md. Jan. 22, 2026).

Mr. Orszag argues he will be prejudiced by an extension because his business will suffer while it remains under the cloud of litigation.  Opp. 16-17.  Mr. Orszag's own text from December 2024 proves there is no prejudice – ███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████    Reply Decl. Ex. R at 3.

The reasonable extension Plaintiff and Mr. Gunby seek would allow the parties to resolve their disputes (ideally without motions practice burdening this Court), to review productions, and to prepare for and take depositions in an efficient, orderly fashion.  It would also prevent needless duplication of effort – including for third parties who will otherwise have to be deposed twice.  That is not prejudicial to Mr. Orszag, or anyone else.

*    *    *

Plaintiff and Mr. Gunby respectfully request the schedule be extended as set forth in the Motion and Proposed Order attached thereto.

Dated:  February 27, 2026

Respectfully submitted,

/s/ Steven F. Molo

William J. Murphy (Fed. Bar No. 00497)
Daniel P. Moylan (Fed. Bar No. 26476)
Sara L. Alpert Lawson (Fed. Bar No. 31011)
Kirk E. MacKinnon Morrow (Fed. Bar No. 31703)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Ste 2440
Baltimore, MD  21202
(410) 949-1146 (office)
(410) 659-0436 (fax)
wmurphy@zuckerman.com
dmoylan@zuckerman.com
slawson@zuckerman.com
kmackinnonmorrow@zuckerman.com

Ivano Ventresca (Fed. Bar No. 30763)
ZUCKERMAN SPAEDER LLP
2100 L Street N.W., Ste 400
Washington, DC  20037
(202) 778-1800 (office)
(202) 822-8106 (fax)
iventresca@zuckerman.com

Justin R. Cochran (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
101 East Kennedy Boulevard, Ste 1200
Tampa, FL  33602
(813) 221-1010 (office)
(813) 223-7961 (fax)
jcochran@zuckerman.com

Amy E. Philip (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue
New York, NY  10022
(212) 704-9600 (office)
(212) 704-4256 (fax)
aphilip@zuckerman.com

Steven F. Molo (admitted *pro hac vice*)
Anden Chow (admitted *pro hac vice*)
Mason E. Reynolds (admitted *pro hac vice*)
Michael X. Wei (admitted *pro hac vice*)
MOLOLAMKEN LLP

430 Park Avenue
New York, NY  10022
(212) 607-8160 (office)
(212) 607-8161 (fax)
smolo@mololamken.com
achow@mololamken.com
mreynolds@mololamken.com
mwei@mololamken.com

Jennifer Fischell (admitted *pro hac vice*)
MOLOLAMKEN LLP
600 New Hampshire Avenue, N.W., Ste 500
Washington, DC  20037
(202) 556-2000 (office)
(202) 556-2001 (fax)
jfischell@mololamken.com

*Attorneys for Plaintiff FTI Consulting, Inc.
and Counterclaim Defendant Steven Gunby*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, the foregoing document was filed through the CM/ECF system, which caused a copy of the document to be served on all registered participants identified on the Notice of Electronic Filing.  Additionally, the following counsel have been served with sealed and unredacted copies of the Reply and Exhibits A, I, J, K, L, M, N, O, and R to the Declaration of William J. Murphy by secure electronic file share with counsel's written consent:

Mark C. Hansen
James M. Webster, III
David L. Schwarz
Lillian V. Smith
Kevin D. Horvitz
Collin R. White
Rachel A. DeLisle
Brenna L. Darling
Alexander N. Gosanko
Caroline Shoaibi
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC
1615 M Street, N.W., Suite 400
Washington, DC 20036
(202) 326-7900 (office)
(202) 326-7999 (fax)
mhansen@kellogghansen.com
jwebster@kellogghansen.com
dschwarz@kellogghansen.com
lsmith@kellogghansen.com
khorvitz@kellogghansen.com
cwhite@kellogghansen.com
rdelisle@kellogghansen.com
bdarling@kellogghansen.com
agosanko@kellogghansen.com
cshoaibi@kellogghansen.com

*Counsel for Defendant and*
*Counterclaim Plaintiff Jonathan Orszag*

/s/ Steven F. Molo
Steven F. Molo

MOLOLAMKEN LLP