**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| FTI CONSULTING, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>JONATHAN ORSZAG,<br><br>      Defendant. | Case No. 8:23-cv-03200-BAH |
| JONATHAN ORSZAG,<br><br>      Counterclaim Plaintiff,<br><br>  v.<br><br>FTI CONSULTING, INC. &<br>STEVEN GUNBY,<br><br>      Counterclaim Defendants. | |

**REPLY DECLARATION OF WILLIAM J. MURPHY**

I, William J. Murphy, declare as follows:

1.     I am a partner at the law firm Zuckerman Spaeder LLP and counsel for Plaintiff and Counterclaim Defendant FTI Consulting, Inc., and Counterclaim Defendant Steven Gunby in the above-captioned action.  I am submitting this Declaration in support of Plaintiff's and Steven Gunby's Reply in Support of Motion for Extension of Discovery Deadlines.  I can testify based on my personal knowledge or based on information obtained from my co-counsel and from our files generated in this case to the facts set forth herein.

2.     Since January 23, 2026, Plaintiff has produced approximately 392 documents obtained from an FTI board member custodian.  Many of those were duplicates, relevant only to

1

show which board members possessed the documents.  The number of unique board documents produced after the substantial completion deadline represents no more than approximately 2 percent of the total documents produced by FTI in this case.  That is a small fraction of the percentage of documents produced by Mr. Orszag after the substantial completion deadline.

3.      Plaintiff expects to complete its review of text messages for its custodians by February 27, 2026, and anticipates producing a limited number of responsive text messages.

4.      The individuals referenced in FTI's interrogatory response, Exhibit I at 11, as having been possibly solicited by Mr. Orszag were drawn from several sources of evidence, including internal interviews with Compass Lexecon employees; a PowerPoint presentation Mr. Orszag prepared in connection with soliciting investment for his proposed "NewCo" that would later become Econic, which listed current and former Compass Lexecon employees; capitalization tables identifying Compass Lexecon employees found in Mr. Orszag's emails; and other testimony taken and documents produced in this action.

5.      On February 16, 2026, one of my partners sent a letter to counsel for the Econic employee who had by then produced only 16 documents to provide notice of Plaintiff's intent to file a motion to compel against the employee.  On February 24, 2026, counsel for Plaintiff and Econic met and conferred about the anticipated motion to compel, during which counsel for Econic represented that the employee would produce approximately 80 documents by February 25, 2026.  On February 25, 2026, the employee produced more than 100 additional documents.  The production still appears deficient, and Plaintiff intends to move to compel consistent with the rules of the U.S. District Court for the Central District of California.

6.      On February 24, 2026, one of my partners emailed counsel for Goldman Sachs Asset Management, L.P. ("Goldman Sachs") noting that "the delay in the production of documents is prejudicing [FTI's] ability to prepare for upcoming depositions" and that "if [FTI does] not

2

receive a substantial production of documents by February 27, 2026, FTI will likely need to move to compel."  On February 25, 2026, counsel for Goldman Sachs responded that Goldman Sachs "expects to be able to substantially produce all non-privileged, responsive emails for the two search strings and two custodians" by February 27, 2026, and that it was "expediting [its] efforts" to produce additional documents by March 16, 2026.

7.     On February 20, 2026, Plaintiff circulated to Defendant a draft joint letter regarding a dispute over Defendant's failure to produce documents relating to Plaintiff's damages case, which are responsive to Request for Production 12.  In the ensuing correspondence, counsel for Defendant stated that Defendant could not identify all of Plaintiff's former clients during the relevant period.  In response, Plaintiff provided Defendant with a list identifying Plaintiff's former clients.  The parties remain at an impasse over this issue and are preparing a joint letter to submit to Judge Quereshi.

8.     Over the next month, there will likely be depositions of at least twenty witnesses, at least 16 of which are scheduled and at least three of which have tentative dates.

9.     Attached hereto as Exhibit A is a true and correct copy of text messages between Mr. Orszag and Dr. Israel, dated November 23, 2023, produced by Mr. Orszag in this action with Bates-stamp JO-0015050 on January 30, 2026.

10.     Attached hereto as Exhibit B is a true and correct copy of Defendant's Subpoena to Produce Documents, Information, or Objects to Collected Strategies LLC, FTI's communications firm, dated February 20, 2026.

11.     Attached hereto as Exhibit C is a true and correct copy of Defendant's Second Set of Interrogatories to Mr. Gunby, dated February 21, 2026.

12.     Attached hereto as Exhibit D is a true and correct copy of Defendant's Third Set of Interrogatories to FTI, dated February 21, 2026.

13. Attached hereto as Exhibit E is a true and correct copy of Defendant's Subpoena for a Rule 30(b)(6) Deposition to KKR & Co. Inc., dated February 23, 2026.

14. Attached hereto as Exhibit F is a true and correct copy of Defendant's Notice of a Rule 30(b)(6) Deposition to FTI, dated February 23, 2026.

15. Attached hereto as Exhibit G is a true and correct copy of an excerpt of an email chain between counsel for Plaintiff and Defendant ending on February 26, 2026.

16. Attached hereto as Exhibit H is a true and correct copy of a letter dated February 20, 2026, from one of my partners to counsel for Mr. Orszag.

17. Attached hereto as Exhibit I is a true and correct copy of Plaintiff's Fourth Amended Answers and Objections to Defendant's First Set of Interrogatories, dated October 16, 2025.

18. Attached hereto as Exhibit J is a true and correct copy of a PowerPoint presentation prepared by Mr. Orszag, produced by FTI in this action with Bates-stamp FTI_000000028 on September 5, 2024.

19. Attached hereto as Exhibit K is a true and correct copy of an email from Mr. Orszag to himself dated October 30, 2023, and a printout of the "CapTable.xlsx" email attachment, produced by FTI in this action with Bates-stamps FTI_000000043 and FTI_000000045 (as a native file), respectively, on September 5, 2024.

20. Attached hereto as Exhibit L is a true and correct copy of Defendant's Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories, dated August 14, 2024.

21. Attached hereto as Exhibit M is a true and correct copy of text messages between Mr. Orszag and Dr. Israel, dated November 1, 2023, produced by Mr. Orszag in this action with Bates-stamp JO-0011424 on January 23, 2026.

22.     Attached hereto as Exhibit N is a true and correct copy of text messages between Mr. Orszag and Dr. Israel, dated October 10 to 11, 2023, produced by Mr. Orszag in this action as two threads, with Bates-stamps JO-0011400 and JO-0011408, on January 23, 2026.

23.     Attached hereto as Exhibit O is a true and correct copy of a deficiency letter dated February 25, 2026, from one of my partners to counsel for Mr. Orszag.

24.     Attached hereto as Exhibit P is a true and correct copy of an excerpt of an email chain between counsel for Plaintiff and Defendant ending on February 21, 2026.

25.     Attached hereto as Exhibit Q is a true and correct copy of an excerpt of an email chain between counsel for Plaintiff and Defendant ending on February 26, 2026.

26.     Attached hereto as Exhibit R is a true and correct copy of text messages between Mr. Orszag and Hailey Moor, dated December 30, 2024, produced by Mr. Orszag in this action with Bates-stamp JO-0030167 on February 16, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2026

_William J. Murphy_

William J. Murphy

*Counsel for FTI Consulting, Inc. & Steven Gunby*