# Exhibit D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| FTI CONSULTING, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> JONATHAN M. ORSZAG, <br><br> *Defendant.* | Case No. 8:23-cv-03200-BAH |
| JONATHAN M. ORSZAG, <br><br> *Counterclaim Plaintiff,* <br><br> v. <br><br> FTI CONSULTING, INC. AND STEVEN H. GUNBY, <br><br> *Counterclaim Defendants.* | |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF JONATHAN M. ORSZAG'S**
**THIRD SET OF INTERROGATORIES TO PLAINTIFF AND**
**COUNTERCLAIM DEFENDANT FTI CONSULTING, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 104 of the Local

Civil Rules of the United States District Court for the District of Maryland, and Appendix A to the

Local Rules, Defendant and Counterclaim Plaintiff Jonathan M. Orszag, by his undersigned

attorneys, propounds this Third Set of Interrogatories, to which Plaintiff and Counterclaim

Defendant FTI Consulting, Inc. ("FTI") shall respond fully, in writing and under oath, within thirty

(30) days after service of these Interrogatories or at such other time as may be directed by the Court

or agreed to by the parties.  FTI shall serve the answers at the offices of Kellogg, Hansen, Todd,

Figel & Frederick, P.L.L.C., located at 1615 M Street, N.W., Suite 400, Washington, D.C. 20036.

Unless otherwise indicated, the Definitions and General Instructions contained herein apply to these Interrogatories.

## DEFINITIONS

1. Except as otherwise defined specifically herein, the definitions set forth in the Federal Rules and in the Local Rules' Uniform Definitions for Use in Discovery Requests are hereby incorporated by reference.

2. All words, terms, and phrases not specifically defined in these Interrogatories are to be given their normal and customary meaning in the context in which they are used herein.

3. "Action" means the case styled *FTI Consulting, Inc. v. Orszag*, No. 8:23-cv-03200-BAH (D. Md.), originally filed in the District Court of Maryland for Montgomery County.

4. "Communication" means the transmittal of information or request for information, including, but not limited to, any written contact between two or more people by such means as letters, memoranda, facsimile transmissions, text messages, instant messages, and emails, as well as any oral discussion by such means as face-to-face meetings and telephone or video conversations.

5. "Compass Lexecon" means Compass Lexecon LLC, including any of its officers, directors, employees, representatives, consultants, contractors, attorneys, and any other person(s) acting or purporting to act with or on its behalf.

6. "Concern" or "concerning" means relating to, in relation to, comprising, constituting, containing, regarding, referring to, describing, discussing, embodying, evidencing, exhibiting, identifying, memorializing, mentioning, recording, showing, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to a given subject matter.

2

7.    "Confidential Information" shall have the same meaning as set out in Mr. Orszag's Employment Agreement with an effective date of January 1, 2023.

8.    "Date" means the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

9.    "Document" or "Documents" means all documents or Electronically Stored Information as defined in Federal Rule of Civil Procedure 34(a), including all copies where the copy is not identical to the original.  For the avoidance of doubt, "Document" or "Documents" shall be construed to include Communications.

10.    "Electronically Stored Information" or "ESI" means all Documents or data that are stored in any electronic medium from which information can be obtained.

11.    "Including," and all conjugations thereof, means including, but not limited to.

12.    "Person" means any person and includes natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, government agencies or entities, and other enterprises or legal entities.

13.    "You," "Your," or "FTI" refers to FTI Consulting, Inc., including its wholly or partially owned subsidiaries, parent companies, unincorporated divisions, predecessors, affiliates, and any of its officers, directors, employees, representatives, consultants, contractors, attorneys, and any other Person(s) acting or purporting to act with or on its behalf.

The Definitions set forth above shall apply to all Interrogatories.

## **GENERAL INSTRUCTIONS**

1.    Each Interrogatory, including subparts, is to be answered by You separately, completely, and fully, under oath.  If You object to any part of an Interrogatory, set forth the basis for Your objection and respond to all parts of the Interrogatory to which You do not object.  Any

ground not stated in an objection within the time provided by the Federal Rules, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which You intend to rely in response to any motion to compel.

2. Pursuant to Federal Rule 33(d), if an answer to an Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Your business records (including Electronically Stored Information), specify, in Your response to the Interrogatory, the records that must be reviewed by Bates number or other means sufficient to enable Mr. Orszag to locate and identify the records as readily as You could.

3. All objections must state with particularity whether, and in what manner, the objection is being relied upon as a basis for limiting the response. If You are withholding responsive information pursuant to any general objection, You should so expressly indicate. If, in responding to any Interrogatory, You claim any ambiguity in interpreting either the Interrogatory or a Definition or General Instruction applicable thereto, You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory, and shall respond to the Interrogatory as You interpret it.

4. If You cannot answer all or part of any Interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder. State whatever information or knowledge You have concerning the unanswered portion, and detail what You did in attempting to secure the unknown information.

5. If information or a Document is withheld under claim of privilege, including, but not limited to attorney-client privilege and/or work product doctrine: (a) identify the date, the author, and all recipients of the Document or information; (b) describe the form of the Document,

4

Communication, or information (e.g., whether it is a letter, memorandum, email, conversation, etc.); (c) describe generally the content of the Document or information withheld; (d) state the specific privilege upon which You rely and the specific basis for asserting such privilege; and (e) identify the Interrogatory to which the allegedly privileged information is responsive.

6.     Each Interrogatory shall be construed independently and, therefore, no Interrogatory shall be construed to limit any other Interrogatory.

7.     For each Interrogatory requesting that You identify an action, event, occurrence, meeting, or Communication, separately state for each responsive action, event, occurrence, meeting, or Communication the Person(s) involved in the action, event, occurrence, meeting, or Communication, their position and employer (or other relevant affiliation), the date of the action, event, occurrence, meeting, or Communication, the medium of the action, event, occurrence, meeting, or Communication (e.g., phone, in-person, email, letter, social media, press conference, etc.), and identify all Documents (by Bates number) memorializing or constituting the action, event, occurrence, meeting, or Communication, and a description of the facts conveyed in the action, event, occurrence, meeting, or Communication to the extent they are not memorialized in a Document produced in this Action.  If such Documents or information are withheld on the basis of a privilege, including, but not limited to, attorney-client privilege, work product doctrine, deliberative process privilege, investigative files privilege, and/or law enforcement privilege, provide a privilege log that complies with Federal Rule 26(b)(5) and any protocols ordered by the Court in this Action.

8.     For each Interrogatory requesting that You identify a Person no longer employed at FTI or Compass Lexecon, the response must:  (a) state the full name; (b) state the present or last known business address, and, in the case of a natural person, residence address; (c) state the present

or last known business telephone number, and, in the case of a natural person, residence telephone number and email address; and (d) state the Person's present or last known position, employer, and primary line of business.

9.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

10.     The words "any," "each," and "all" shall be construed as encompassing any and all.

11.     If any Interrogatory cannot be responded to completely, respond to it to the extent possible, specify the portion(s) that cannot be responded to, and explain why any such portion(s) cannot be responded to.

12.     The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

13.     These Interrogatories are continuing in nature.  If further information, evidence, or documentation comes into Your possession, custody, or control or is brought to the attention of You or Your attorneys or agents at any time subsequent to the service of any responses, prompt and complete supplementation of the responses to these Interrogatories is required pursuant to the Federal Rules.

14.     Unless otherwise specified below, the time period covered for all Interrogatories is from January 1, 2023, to the present.

## INTERROGATORIES

### INTERROGATORY NO. 12:

For each Person Included in Your response to Interrogatory No. 1, identify the inquiry You made prior to Including that Person in Your Interrogatory response, Including the Date(s) of any interview You conducted with each Person You alleged was solicited (or that You suspected was solicited) before Including that Person's name in Your Interrogatory response.  For the avoidance of doubt, this Interrogatory Includes each Person You identified in Your initial response to Interrogatory No. 1 and in each supplemental response that You served.

### INTERROGATORY NO. 13:

Identify each piece of allegedly Confidential Information that You contend Mr. Orszag improperly accessed, used, or disclosed, Including:  (a) the nature of the allegedly Confidential Information, (b) the specific instruction or Communication You provided to Mr. Orszag and/or to any Person who allegedly provided such Confidential Information to Mr. Orszag that the information was confidential, (c) whether You contend the Confidential Information was improperly accessed, used, or disclosed by Mr. Orszag, (d) when and how You contend the Confidential Information was improperly accessed, used, or disclosed;  and (e) all facts (Including Documents, by Bates number) that support Your contention.

DATED:  February 21, 2026

Respectfully submitted,

By:  */s/ David L. Schwarz*
Mark C. Hansen (State Bar No. 12266)
James M. Webster, III (State Bar No. 23376)
David L. Schwarz (admitted *pro hac vice*)
Lillian V. Smith (admitted *pro hac vice*)
Kevin D. Horvitz (admitted *pro hac vice*)
Collin R. White (admitted *pro hac vice*)
Rachel Anderson DeLisle (admitted *pro hac vice*)
Brenna L. Darling (admitted *pro hac vice*)
Alexander N. Gosanko (admitted *pro hac vice*)
Caroline Shoaibi (admitted *pro hac vice*)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: mhansen@kellogghansen.com
Email: jwebster@kellogghansen.com
Email: dschwarz@kellogghansen.com
Email: lsmith@kellogghansen.com
Email: khorvitz@kellogghansen.com
Email: cwhite@kellogghansen.com
Email: rdelisle@kellogghansen.com
Email: bdarling@kellogghansen.com
Email: agosanko@kellogghansen.com
Email: cshoaibi@kellogghansen.com

*Counsel for Defendant and*
*Counterclaim Plaintiff Jonathan M. Orszag*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 21, 2026, I caused the foregoing document to be served via electronic mail.

William J. Murphy
Daniel P. Moylan
Sara Alpert Lawson
Kirk E. MacKinnon Morrow
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-0444 (office)
(410) 659-0436 (fax)
wmurphy@zuckerman.com
dmoylan@zuckerman.com
slawson@zuckerman.com
kmackinnonmorrow@zuckerman.com

Caroline J. Mehta
Ivano Ventresca
Ezra Marcus
ZUCKERMAN SPAEDER LLP
2100 L Street, N.W., Suite 400
Washington, D.C. 20036
(202) 778-1800 (office)
(202) 822-8106 (fax)
cmehta@zuckerman.com
iventresca@zuckerman.com
emarcus@zuckerman.com

Amy E. Philip
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 19th Floor
New York, NY 10022
(212) 704-9600 (office)
(212) 704-4256 (fax)
aphilip@zuckerman.com

Justin R. Cochran
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
(813) 221-1010 (office)
(813) 223-7961 (fax)
jcochran@zuckerman.com

Steven F. Molo
Anden Chow
Mason E. Reynolds
Michael X. Wei
MOLOLAMKEN LLP
430 Park Ave., Floor 6
New York, NY 10022
(212) 607-8160 (office)
(212) 607-8161 (fax)
smolo@mololamken.com
achow@mololamken.com
mreynolds@mololamken.com
mwei@mololamken.com

Jennifer Fischell
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W.
Suite 500, Washington, D.C. 20037
(202) 556-2000 (office)
(202) 556-2001 (fax)
jfischell@mololamken.com

*Counsel for Plaintiff and Counterclaim Defendant FTI Consulting, Inc.*
*& Counterclaim Defendant Steven H. Gunby*

/s/ David L. Schwarz
David L. Schwarz

KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.