

Sara Alpert Lawson
PARTNER
Zuckerman Spaeder LLP
slawson@zuckerman.com
410.949.1181

March 6, 2026

The Honorable Ajmel A. Quereshi
United States Magistrate Judge
U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:    <u>FTI Consulting, Inc. v. Orszag</u>, Case No. 8:23-cv-03200-BAH

Dear Judge Quereshi:

    We write in support of a request for the Court to compel Mr. Orszag to produce information sufficient to show the revenue and receivables Econic Partners ("Econic") has earned from Compass Lexecon matters and clients that have left for Econic. This information is probative of the reasonably foreseeable harm to FTI's earnings from Mr. Orszag's breaches of his fiduciary and employment duties. FTI requested this information on August 29, 2025, as Request for Production No. 12.[1] Over the past six months Mr. Orszag has resisted producing any information in response to this request, for varying reasons.[2] Among other things, Mr. Orszag protested that he could not be expected to identify which clients of Econic fell within the request for production.

    In a good-faith attempt to resolve Mr. Orszag's objection, FTI provided Mr. Orszag with a list of all Compass Lexecon matters that moved to Econic, as well as a list of all Compass Lexecon professionals who have joined Econic since its launch on February 19, 2025.[3] To be clear, FTI seeks the revenue and receivables for all matters on the list provided to Mr. Orszag; and any new matters that the clients identified on the list have opened with Econic. Mr. Orszag recently agreed to produce revenue information, through the present, for the Compass Lexecon matters on which *he worked* that are now with Econic. He has also agreed to produce revenue information for certain client matters that FTI's interrogatory responses have identified as clients who Mr. Orszag solicited. But he continues to refuse to produce revenue information for Compass Lexecon matters that moved to Econic with other Compass Lexecon professionals who joined Econic, or the

---

[1] The request specifically seeks: "Documents concerning amounts owing or paid to Econic Partners and/or OtherCo, at any time since January 15, 2023, by clients that are or were clients of Compass Lexecon LLC or FTI Consulting, Inc."

[2] Mr. Orszag initially agreed to produce responsive documents through November 19, 2024—that is, a set of zero, because Econic had not yet launched. Mr. Orszag later agreed to produce documents through July 31, 2025, but refused to produce any information unless FTI first identified specific clients of Econic whom Mr. Orszag had improperly solicited.

[3] FTI submits those lists, which are in a single Excel workbook, *in camera* for the Court's review.

revenue information for new matters that those former Compass Lexecon clients have opened with Econic.[4] Mr. Orszag now claims that he does not possess responsive documents for matters that he did not (or does not) work on, on the grounds that such materials are in the possession of Econic, the company he founded and leads. We respectfully request the Court to order Mr. Orszag to produce that information.

*First*, **the information is relevant.**  FTI has alleged that Mr. Orszag's breaches of his fiduciary duty included his "(ii) threatening to create a competing business and to appropriate the Compass Lexecon business; (iii) taking advanced steps toward creating a competing business with the aspiration of taking the entire Compass Lexecon business; and (iv) using FTI's and Compass Lexecon's confidential information and resources to facilitate [his] efforts to establish a competing business." Sec. Am. Compl. ¶ 144. The revenues and receivables earned by Econic—the company Mr. Orszag built upon his breaches of fiduciary duty—from matters and clients that left FTI and Compass Lexecon are critical to show the revenues and profits FTI has lost from Mr. Orszag's breaches of contract and fiduciary duty.  This financial information also bears on Mr. Orszag's counterclaims for tortious interference and unjust enrichment.

Mr. Orszag cannot dispute—and does not appear to dispute—that Econic's revenues, which FTI and Compass Lexecon would have earned if Mr. Orszag had not breached his duties, are relevant to a proper measure of FTI's damages. "Lost profits are, of course, generally available to a plaintiff as damages in the successful prosecution of a claim for a breach of contract or a breach of fiduciary duty." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 529 (4th Cir. 1987); *BEP, Inc. v. Atkinson*, 174 F. Supp. 2d 400, 408 (D. Md. 2001) ("There is no merit to defendants' argument that plaintiff is not entitled to recover lost profits based on Atkinson's breach of fiduciary duty.").

Indeed, "profits made by others ... in a similar business or under similar contract ... may also afford a reasonable inference of the plaintiff's loss." *Fowler v. Printers II, Inc.*, 598 A.2d 794, 807 (Md. App. 1991) (breach of restrictive covenant provision); *Macke Co. v. Pizza of Gaithersburg, Inc.*, 270 A.2d 645, 652 (Md. 1970) (holding that, where plaintiff's vending machines were replaced by those from another company in breach of agreement with pizza shops, "a more appropriate measure of damages might be that grounded on the…actual experience" of the replacement machines); *David Sloane, Inc. v. Stanley G. House & Assocs. Inc.*, 522 A.2d 694, 696 (Md. 1987) (explaining that "[o]ne of the recognized methods of proving prospective profits is to use '[p]rofits made by others'"). This approach, using actual financial results, has the benefit of focusing on economic reality rather than predictive modeling. *Ingram v. Cantwell-Cleary Co.*, 306 A.3d 1205, 1245 (Md. App. 2023) (applying analysis in trade secret case).

Although Mr. Orszag may argue in expert reports and at trial that some portion of FTI's profits would have been lost even in the "but-for" world in which he engaged in no wrongdoing, such arguments are premature. FTI is entitled to gather evidence from which experts may make apportionment arguments; that process cannot be restricted by Mr. Orszag's narrow view of how

---

[4] FTI's Third Request for Production, No. 5, served on February 20, 2026, seeks, among other information, revenues that those former Compass Lexecon professionals have generated from new clients.

FTI will be able to establish liability or damages on its breach of fiduciary duty and related contractual claims. Mr. Orszag might also argue that lost profits are unavailable because he views them as speculative. *See LaVay*, 830 F.2d at 529. Again, that is a merits argument that does not bear on the discoverability of the evidence FTI now seeks. *See generally* Fed. R. Civ. P. 26(b)(1). And regardless, the lost revenues and profits that FTI—a well-established business—would have received absent Mr. Orszag's breaches of fiduciary duty are not speculative. They rest on actual Compass Lexecon matters that FTI identified as having moved to Econic, client work generated by former Compass Lexecon professionals that FTI identified as having joined Econic, and other reliable metrics.

Further, the revenues Econic earned from matters and professionals that left Compass Lexecon to join Econic bears on whether, or the extent to which, Mr. Orszag was harmed (or not) by FTI's alleged tortious interference with his business relations, as set out in Mr. Orszag's Counterclaim. *See, e.g., Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297, 314 (Md. App. 1995) (noting "actual damage and loss resulting" is an element of the tort); *US Wind Inc. v. InterMoor, Inc.*, No. 19-civ-2984-SAG, 2024 WL 1050823, at *4 (D. Md. Mar. 11, 2024) (requiring proof that damages from alleged tortious interference were causally connected to the tortious misconduct and such damages are "actual, not speculative, remote, or uncertain").

***Second***, **the information is within Mr. Orszag's possession, custody, or control.** Mr. Orszag's belated claim that revenue information for clients and matters that Mr. Orszag did not (or does not) work on personally is *only* within the possession, custody, or control of Econic is contrary to case law, logic, and Mr. Orszag's document productions in this case.

"[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Clark v. Council of Unit Owners of 100 Harborview Drive Condo. Ass'n*, No. 8:20-cv-1325-LKG-AAQ, 2024 WL 2155021, at *5 (D. Md. May 13, 2024) (quoting *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009)). Here, Mr. Orszag certainly has the right, authority, and practical ability to obtain the requested revenue information from Econic. Mr. Orszag *started* the firm—he is a "Founding Partner," one of three board members, and owns a significant share of the company. Mr. Orszag cannot now hide behind corporate formalities to avoid producing highly relevant damages documents from the firm *he* created out of his tortious activities. And, in addition to control, Mr. Orszag cannot claim he does not possess such documents. Mr. Orszag has repeatedly produced Econic documents, including investment documents and corporate formation documents, and his own emails from an Econic Partners address. Mr. Orszag thus cannot credibly claim that he cannot access the revenue documents at issue.

***Finally***, **Mr. Orszag's claim that the list provided by FTI sheds no light on "FTI clients" is beside the point.** FTI has offered that list to resolve Mr. Orszag's objection based on his asserted lack of knowledge as to the FTI clients who are or were clients of FTI or Compass Lexecon but whose matters are now with Econic. Compass Lexecon is a wholly-owned FTI subsidiary, its clients are FTI's clients, and Mr. Orszag now has the list.

Accordingly, Mr. Orszag must produce the revenue and receivables for all matters on the list provided to Mr. Orszag; and any new matters that the clients identified on the list have opened

with Econic.

        Respectfully submitted,

        <u>/s/ Sara Alpert Lawson</u>
        William J. Murphy (Fed. Bar No. 00497)
        Daniel P. Moylan (Fed. Bar No. 26476)
        Sara Alpert Lawson (Fed. Bar No. 31011)
        Kirk E. MacKinnon Morrow (Fed Bar No. 31703)
        ZUCKERMAN SPAEDER LLP

        100 East Pratt Street, Suite 2440
        Baltimore, MD 21202-1031
        (410) 949-1146 (office)
        (410) 659-0436 (fax)
        wmurphy@zuckerman.com
        dmoylan@zuckerman.com
        slawson@zuckerman.com
        kmackinnonmorrow@zuckerman.com

        Ivano Ventresca (Fed. Bar No. 30763)
        ZUCKERMAN SPAEDER LLP
        2100 L Street NW, Suite 400
        Washington, DC 20036
        (202) 778-1800 (office)
        (202) 822-8106 (fax)
        iventresca@zuckerman.com

        Justin R. Cochran (admitted *pro hac vice*)
        ZUCKERMAN SPAEDER LLP
        101 East Kennedy Blvd., Suite 1200
        Tampa, FL 33602
        (813) 221-1010 (office)
        (813) 223-7961 (fax)
        jcochran@zuckerman.com

        Amy E. Philip (admitted *pro hac vice*)
        ZUCKERMAN SPAEDER LLP
        485 Madison Avenue, 19th Floor
        New York, NY 10022
        (212) 704-9600 (office)
        (212) 704-4256 (fax)
        aphilip@zuckerman.com

        Steven F. Molo (admitted *pro hac vice*)

        Anden Chow (admitted *pro hac vice*)
        Mason E. Reynolds (admitted *pro hac vice*)
        Michael X. Wei (admitted *pro hac vice*)
        MOLOLAMKEN LLP
        430 Park Avenue
        New York, NY  10022
        (212) 607-8160 (office)
        (212) 607-8161 (fax)
        smolo@mololamken.com
        achow@mololamken.com
        mreynolds@mololamken.com
        mwei@mololamken.com

        Jennifer Fischell (admitted *pro hac vice*)
        MOLOLAMKEN LLP
        600 New Hampshire Avenue, N.W., Ste 500
        Washington, D.C.  20037
        (202) 556-2000 (office)
        (202) 556-2001 (fax)
        jfischell@mololamken.com


        *Counsel for Plaintiff and Counterclaim Defendant FTI Consulting, Inc. & Counterclaim Defendant Steven Gunby*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, the foregoing document was filed in this matter through the Court's CM/ECF system, causing a copy to be served on all registered participants identified on the Notice of Electronic Filing.

*/s/ Sara Alpert Lawson*
Sara Alpert Lawson

*Counsel for Plaintiff and Counterclaim Defendant FTI Consulting, Inc. & Counterclaim Defendant Steven H. Gunby*