IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FTI CONSULTING, INC., | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 23-3200-BAH |
| JONATHAN ORSZAG, | * | |
| Defendant. | * | |
| ---------------------------------------------- | * | |
| JONATHAN ORSZAG, | * | |
| Counterclaim Plaintiff, | * | |
| v. | * | |
| FTI CONSULTING, INC. ET AL, | * | |
| Counterclaim Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff FTI Consulting, Inc. ("FTI") brought suit against Jonathan Orszag ("Orszag") alleging breach of contract and breach of fiduciary duty of loyalty. ECF 48 (second amended complaint ("SAC")). Orszag also filed counterclaims against FTI and Steven Gunby (together, the "Counterclaim Defendants") alleging breach of contract, tortious interference with business relations, and unjust enrichment. ECF 122 (the "Amended Counterclaim"). Pending before the Court are Counterclaim Defendants' motion for judgment on the pleadings, ECF 130, and FTI's motion for leave to file a third amended complaint and to increase page limits, ECF 177. Orszag opposes both motions. ECF 145 (opposition to ECF 130); ECF 198 (opposition to ECF 177). Counterclaim Defendants and FTI filed their respective replies. ECF 150 (Counterclaim

Defendants' reply); ECF 221-1 (FTI's reply). All filings include memoranda of law, and several filings include exhibits.[1] Also pending are several motions to seal.[2] *See* ECF 178; ECF 200; ECF 221; ECF 259.

The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, FTI's motion for leave to file a third amended complaint is **GRANTED**, and the Counterclaim Defendants' motion for judgment on the pleadings is **DENIED**. The motions to seal at ECF 178, 200, 221, and 259 are **GRANTED**.

## I.    BACKGROUND[3]

In response to FTI's first amended complaint, Orszag filed counterclaims against the Counterclaim Defendants. ECF 86. Counterclaim Defendants filed a motion to dismiss, ECF 100, which was granted in part. ECF 112 (memorandum opinion); ECF 113 (order). Orszag then filed the Amended Counterclaim, alleging breach of contract against FTI (Count I); tortious interference with business relations (Count V); and unjust enrichment (Count VI) against all Counterclaim Defendants. ECF 122. Counterclaim Defendants filed an answer, ECF 123, and a motion for judgment on the pleadings on Orszag's tortious interference claim (Count V). ECF 130.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[2] Several filings considered in this memorandum opinion are redacted, and the unredacted copies are filed under seal. *See* ECF 115 (unredacted version of ECF 122, filed under seal); ECF 146 (unredacted version of ECF 145, filed under seal); ECF 179 (unredacted version of ECF 177-1 and ECF 177-2, filed under seal); ECF 199 (unredacted version of ECF 198, filed under seal); ECF 222 (unredacted version of ECF 221, filed under seal).

[3] Much of the relevant factual and procedural background is set forth in the Court's previous memorandum opinions, ECF 80 and ECF 112, and the Court assumes familiarity with those opinions.

Scheduling orders have issued in this case, ECF 120 (scheduling order); ECF 126 (modified scheduling order), and the parties have commenced discovery.[4]  The operative scheduling order set a deadline of January 2, 2026, for moving for joinder of additional parties and amendment of pleadings. ECF 126, at 1.  On that date, FTI moved for leave to file a third amended complaint.  ECF 177.  In the proposed third amended complaint ("TAC"), FTI seeks to join Compass Lexecon LLC ("Compass") as a plaintiff and to add Dr. Mark Israel ("Israel") and Econic Partners LLC ("Econic") as defendants (Orszag, Israel, and Econic are collectively referred to as "Defendants").  ECF 177-1, at 2.  The TAC brings fifteen claims including: breach of contract (Counts I, II, III, and V) and breach of fiduciary duty of loyalty (Count IV) against Orszag;[5] misappropriation of trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count VI) and breach of contract (Count VII) against Orszag and Israel; breach of fiduciary duty of loyalty (Count VIII), breach of contract (Count IX and Count X), and fraud (Count XI) against Israel; unjust enrichment (Count XII) against Econic; tortious interference (Count XIII) against Orszag and Econic; and unfair competition (Count XIV) and civil conspiracy (Count XV) against all Defendants.  *Id.* at 31–49.  Both pending motions are fully briefed and ripe for disposition.

## II.    ANALYSIS

### A.    FTI's Motion for Leave to File a Third Amended Complaint (ECF 177)

FTI moves for leave file a third amended complaint that adds Compass as a plaintiff, adds Israel and Econic as defendants, and adds ten additional counts to the lawsuit based on recently discovered information. ECF 177-3, at 5.  FTI also moves to increase page limits for the TAC.

---

[4] The parties have raised several discovery disputes, which Judge Quereshi has been graciously and ably handling as they arise.  *See* ECF 142 (order referring case to Judge Quereshi for all discovery).

[5] These claims were asserted against Orszag in the SAC, although they have been revised in the TAC. *See* ECF 177-2, at 50–58.

3

ECF 177, at 2.  Orszag opposes amendment on the grounds that permitting a third amended complaint would cause undue delay and prejudice.  ECF 198, at 13.

Where a plaintiff seeks to amend the operative pleading and join other parties, the court must consider not only the liberal amendment provisions of Federal Rule of Civil Procedure 15(a), but "also the more specific joinder provisions of Rule 20(a)."  *Hinson v. Northwest Fin., S. Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (citing *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1374 (9th Cir.1980)).

Federal Rule of Civil Procedure 15 requires courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  While it is within the discretion of a district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Id.*  The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment."  *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).  Ultimately, the decision to grant leave to amend rests in this Court's discretion.  *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Under Rule 20, plaintiffs "may join [together] in one action" if two prongs are satisfied: (1) the plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1). Similarly, joinder of defendants is proper where (1) "any right to relief is asserted against

4

them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Supreme Court has articulated that, with respect to joinder, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). "Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (internal quotation marks omitted) (quoting *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)).

### 1.    Amendment

Orszag argues that the proposed amendment "comes too late," ECF 198, at 13, and well after FTI "became aware of the supposed factual bases for amendment," *id.* at 14. The resulting delay in the filing of a third amended complaint, Orszag claims, is unfairly prejudicial because it "would dramatically expand the case, requiring [Orszag] to spend substantial sums and great effort to address [] expansive new issues." *Id.* at 18. Second, Orszag argues that allowing the amendments would "inevitably and substantially delay the day of reckoning for FTI and Gunby[.]" *Id.*

As a threshold matter, the Fourth Circuit has held that "[d]elay alone is an insufficient reason to deny leave to amend. . . . Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). "[D]elay has generally been considered a factor in determining whether a proposed amendment would be prejudicial or is sought in bad faith." *Daulatzai v. Maryland*, 606 F. Supp. 3d 252, 262

(D. Md. 2022), *aff'd,* 97 F.4th 166 (4th Cir. 2024). While "[s]everal cases have considered the prospect of delay from an amendment of suit as a basis for finding prejudice," those courts "did not deny motions to amend solely on the basis of the potential for delayed resolution of the suit." *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, Civ. No. ELH-22-1956, 2025 WL 1928014, at *14 (D. Md. July 11, 2025).

"Whether an amendment would be prejudicial is a factual determination. Courts look at the nature of the proposed amendment, the purpose of the amendment, and the time when the amendment was filed." *Equal Rights Ctr. v. Archstone Smith Tr.*, 603 F. Supp. 2d 814, 818 (D. Md. 2009) (citing *Laber*, 438 F.3d at 427). "The further a case has progressed, the more likely it is that the amendment will prejudice the defendant." *Wilson v. Eagle Nat'l Bank*, Civ. No. JRR-20-1344, 2025 WL 372994, at *7 (D. Md. Jan. 31, 2025) (citing *Laber*, 438 F.3d at 437). "But, the Federal Rules recognize that a plaintiff's theory of the case may evolve as litigation progresses." *Id.* (citing *Marley v. Kaiser Found. Health, Plan of Mid-Atl. States, Inc.*, Civ. No. PWG-17-1902, 2018 WL 6000199, at *3 (D. Md. Nov. 15, 2018)). "Thus, '[p]rejudice stemming from requiring a party to engage in additional fact investigation generally only arises when that additional investigation is required on the eve of trial.'" *Id.* (quoting *Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 303 (D. Md. 2009)); *see also HeliumCloud, LLC v. KWITU, Inc.*, Civ. No. GJH-21-1212, 2022 WL 861394, at *5 (D. Md. Mar. 22, 2022) (noting that "allowing amendment during or after discovery could prejudice a party" but "that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial" (citations omitted)). Moreover, "'the time, effort, and money . . . expended in litigating [a] case' do not constitute 'substantial prejudice.'" *Terran Biosciences*, 2025 WL 1928014, at *14 (quoting *Nat'l*

6

*Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, No. 4:05-CV-0033, 2006 WL 1289545, at *3 (M.D. Pa. May 9, 2006)).

Though the Court is sympathetic to Orszag's justifiable displeasure with further delay, it concludes that no *undue* delay or prejudice will result from amendment. As to Orszag's argument that FTI's motion was filed just months before fact discovery was set to close, ECF 198, at 13, the Court notes that FTI timely filed its motion to amend within the scheduling order's deadline for amendment of pleadings and joinder of parties. *See* ECF 126, at 1 (setting a deadline of January 2, 2026 for moving for joinder of additional parties and amendment of pleadings); ECF 177 (FTI's motion for leave to amend filed on January 2, 2026). Moreover, discovery deadlines have recently been extended, *see* ECF 245 (extending discovery deadline by sixty days), and depositions in this case are still ongoing, *see* ECF 261, at 1. Thus, the Court concludes that FTI has not caused undue delay by filing its motion to amend within the deadline to do so. *Cf. Chambers v. Choice Hotels Int'l, Inc.*, Civ. No. DKC-11-0404, 2011 WL 2457645, at *2 (D. Md. June 15, 2011) (finding no undue delay where the motion to amend was filed "within the deadline to amend the pleadings set by the scheduling order").

Moreover, the cases that Orszag cites in support of his contention that FTI's motion to amend was filed "too late" are easily differentiated from this case and thus unpersuasive. *See* ECF 198, at 13–14. For example, *Forstmann v. Culp* involved an instance where leave to amend was sought *after* the scheduling order deadline had passed, and the plaintiff failed to establish good cause for amending the scheduling order under Federal Rule of Civil Procedure 16. 114 F.R.D. 83, 85 (M.D.N.C. 1987) (denying the plaintiff's motion to amend because it was untimely filed under the scheduling order, after partial summary judgment, and the plaintiff failed to establish good cause to change the scheduling order deadline). Similarly, in *Pine Mountain Oil & Gas, Inc.*

7

*v. Equitable Production Co.*, leave to amend was sought after summary judgment was granted to the defendant. 446 F. Supp. 2d 643, 650 (W.D. Va. 2006). There, the plaintiff sought "to impermissibly offer an alternative theory of recovery for the same cause of action, based on extrinsic agreements that [had] not [previously] served as the basis for any request for relief." *Id.* Such is not the case here, where FTI moves within the time permitted in the scheduling order, if only barely so, to clarify existing claims and add new causes of action. ECF 177, at 1. Accordingly, the Court is not persuaded that FTI caused undue delay by filing its motion to amend on the deadline set by the scheduling order.

Orszag also argues that amendment would cause undue delay because FTI had knowledge of the facts underlying the TAC for many months before moving to amend. ECF 198, at 14. FTI denies that it "delay[ed] in bringing additional claims against Mr. Orszag and his co-conspirators," and counters that "the allegations of wrongdoing in the TAC [are] based on facts recently discovered by FTI." ECF 221-1, at 3. For example, FTI explains that certain "critical information" was obtained through document production "in late November 2025" and provides specific examples of several facts learned just prior to filing the motion to amend.[6] *Id.* at 4–5.

It is true that "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent." *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (quoting 6 Wright & Miller, *Federal Practice and Procedure* § 1488 (1971)). But judges of this Court have found no undue delay where an amendment adds facts newly unearthed in discovery and was sought prior to the scheduling order deadline. *See, e.g., Blue Water Baltimore, Inc. v. Fleischmann's Vinegar Co., Inc.*, Civ. No. JMC-23-917, 2023 WL 7110740, at *3 (D. Md. Oct. 27, 2023) (granting leave to amend a complaint to include new facts that arose from discovery when the motion to amend

---

[6] These facts are under seal, ECF 222-1, at 4–5, so the Court will not discuss them in detail.

was filed before the scheduling order deadline to do so). Although Orszag asserts that even a "'three-month delay' between a party learning of the need to alter its pleading and seeking leave to amend amounts to undue delay," the cases he cites are distinguishable from what happened here. ECF 198, at 16. For example, in *Daulatzai*, a proposed amendment was considered untimely when it was filed three months after the original complaint was dismissed and when the plaintiff failed to provide any reason for the delay. 606 F. Supp. 3d at 262. And in *Layani v. Ouazana*, amendment was sought "almost eighteen months after the deadline for amendment provided by the Scheduling Order." Civ. No. SAG-20-0420, 2025 WL 1569965, at *2 (D. Md. June 3, 2025). As noted above, similar circumstances are not present here. As FTI has proffered a reasonable explanation for moving to amend and has done so before the deadline, the Court is not inclined to find undue delay. *See Terran Biosciences*, 2025 WL 1928014, at *12 (explaining that delay is considered undue where there is no justification provided for the delay).

Although Orszag has failed to establish *undue* delay, FTI does not dispute that amendment at the eleventh hour may cause *some* delay in this litigation. *See* ECF 221-1, at 8. FTI argues, however, that Orszag fails to establish prejudice or bad faith to justify denying leave to amend on the basis of delay alone. *Id.* at 9. The Court agrees with FTI.

It may be true that amendment will, as Orszag argues, "requir[e] him to spend substantial sums and great effort to address these expansive new issues." ECF 198, at 4. But, as noted, "in general, the time, effort, and money expended in litigating a case do not constitute substantial prejudice." *Terran Biosciences*, 2025 WL 1928014, at *14 (citation modified); *cf. Abuarqob v. Castro*, Civ. No. BAH-24-3467, 2025 WL 3539203, at *7 (D. Md. Dec. 10, 2025) (finding no prejudice even though there was "no doubt that [the defendant's] legal expenses may grow if the litigation proceeds"). Orszag next argues that "amendment will blow up the current schedule,"

9

because the "case will not be ready for a restart of discovery until late summer and probably later than that." ECF 198, at 7. But the schedule Orszag references in his opposition has already, to use his words, "blown up," as the deadlines have since been extended, and depositions are still ongoing. [7] *See* ECF 245, at 1 (March 9, 2026 extending discovery-related deadlines); ECF 261, at 1 (April 23, 2026 status report noting depositions to be conducted throughout May). Orszag's arguments related to discovery deadlines is therefore unavailing. ECF 198, at 7. Orszag provides no reason why, beyond his understandable aversion to more delay, further discovery could not occur, if needed, in the wake of timely amendments to the operative complaint. Moreover, even if additional discovery is necessary and some delay results, the cases cited by Orszag in support of his arguments—*Deasy v. Hill*, 833 F.2d 38 (4th Cir. 1987), and *Smith v. Angelone*, 111 F.3d 1126 (4th Cir. 1997)—are inapposite. For example, in *Deasy*, amendment to the operative complaint was denied because it was sought shortly before the beginning of trial. *See* 833 F.2d at 41 (noting the "delay was significant, and the motion to amend came right before trial and after discovery was complete"). In *Smith*, amendment was sought on the *eve* of trial. *Smith*, 111 F.3d at 1134. Here, even considering possible delay, no prejudice similar to that identified in *Smith* and *Deasy* results since a trial date has yet to be set and, under the current scheduling order, would remain months away even if no amendment was proposed. *See* ECF 126, at 2 (setting the dispositive motions deadline for July 15, 2026).

---

[7] The Court also takes notice of the arguments raised by both sides assigning blame for prior discovery delays and modifications to the scheduling order. ECF 221, at 11 (alleging that Orszag withheld discovery resulting in court intervention); ECF 198, at 10 (noting that FTI sought amend the fact discovery deadline over Orszag's objection). Though the Court leaves the merits of these disputes in Judge Quereshi's able hands, it is clear from the docket that additional discovery disputes will likely arise that would further delay this case regardless of the addition of new claims and joinder of new parties. Moreover, if delays become interminable, the Court may also consider dispensing of its ordinary practice of delaying the entry of a scheduling order until the resolution of any pending motions to dismiss.

Orszag also briefly argues bad faith on the ground that FTI purportedly "uses (abuses) the judicial system in efforts to stymie competition." ECF 198, at 23. In support, Orszag points to FTI's lawsuits against "nine different employees in the United States . . . for leaving FTI to work for competitors." *Id.* at 23 n.19. Without more, the Court cannot conclude that FTI's other lawsuits support the argument that it is acting in bad faith by seeking amendment. "Courts typically find that a party acts in bad faith in bringing a motion for leave to amend, for example, when their amendment fails to 'advance a colorable legal argument.'" *Edmondson v. Eagle Nat'l Bank*, Civ. No. SAG-16-3938, 2019 WL 6684130, at *2 (D. Md. Dec. 6, 2019) (quoting *McCall-Scovens v. Blanchard*, Civ. No. ELH-15-3433, 2016 WL 6277668, at *8 (D. Md. Oct. 27, 2016)). That is not the case here. Indeed, Orszag does not counter FTI's argument that the proposed amendment is not futile, *see* ECF 177-3, at 7–10, and does not appear to argue that that FTI's proposed amendment fails to raise colorable claims. Plus, "that leave to amend was sought before the deadline" further counters any indication of bad faith. *Cf. Edmondson v. Eagle Nat'l Bank*, 2019 WL 6684130, at *2 ("No bad faith indicators" present where "leave to amend was sought before the deadline agreed by the parties.").

Finally, judicial economy favors granting amendment. Although Orszag argues that the TAC is "actually a new case and not a mere amendment," ECF 198, at 22, a review of the proposed TAC demonstrates that the new claims "arise out of the same course of conduct and wrongdoing described in the SAC," ECF 221-1, at 9. It would make little sense to deny amendment, just for FTI to file an entirely new complaint in a separate action when its new claims arise from facts common to this ongoing action against Orszag that is not yet set for trial. Indeed, the Court agrees with FTI that any new complaint filed based on the allegations in the TAC "might 'likely be consolidated with the instant case, a process that would almost certainly result in even more delay

11

and expense.'" ECF 221-1, at 8 (quoting *Reyazuddin v. Montgomery Cnty.*, Civ. No. DKC-11-0951, 2012 WL 5193837, at *4 (D. Md. Oct. 18, 2012)). "The court further notes important Fourth Circuit policy to 'liberally allow amendment' in furtherance of 'a wider federal policy of—when possible—resolving cases on the merits.'" *Wilson*, 2025 WL 372994, at *8 (quoting *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022)). Accordingly, the Court will grant leave to file the TAC and now turns to the propriety of joinder.

2.    Joinder

As noted, FTI wishes to add Compass as a plaintiff and Israel and Econic as defendants, ECF 177, at 1, and Orszag does not advance any additional argument opposing joinder beyond the prejudice and delay arguments noted above. *See* ECF 198. The Court has reviewed FTI's arguments in favor of joinder and concludes that joinder of the proposed additional parties is appropriate. The first prong of the Rule 20 analysis is satisfied because the claims brought by FTI and Compass against Orszag, Israel, and Econic arise out of the same series of transactions or occurrences—specifically Defendants' alleged ongoing conspiracy "to undermine Compass Lexecon from within and advance Econic's interests at Compass Lexecon's and FTI's expense." ECF 177-3, at 1. The second prong is likewise met as "there are questions of law and fact common to both plaintiffs and all three defendants" with respect to this alleged conspiracy and the related claims. *Id.* at 12. Accordingly, the Court agrees with FTI that permitting joinder under these circumstances would serve the purpose of "promot[ing] trial convenience and expedit[ing] the final determination of disputes." *Id.* (quoting *Aleman*, 485 F.3d at 218 n.5)). Permissive joinder is proper under Rule 20.

The motion seeking amendment and joinder, ECF 177, will be GRANTED. FTI's request to increase the page limits for the TAC will also be granted as Orszag does not present any argument opposing the requested increase.

12

**B.     Counterclaim Defendants' Motion for Judgment on the Pleadings (ECF 130)**

Counterclaim Defendants have also filed a motion for judgment on the pleadings on Orszag's tortious interference counterclaim (Count V).[8] *See* ECF 130.

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, 265 F. Supp. 3d 633, 637 n.5 (D. Md. 2017). "A Rule 12(c) motion, like a Rule 12(b)(6) motion, does not 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Textron Sys. Corp. v. Barzan Aeronautical LLC*, Civ. No. JRR-23-2828, 2024 WL 4135425, at *8 (D. Md. Sept. 10, 2024) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)). "Accordingly, in considering a Rule 12(c) motion, the court also 'assume[s] all well-pled facts to be true and draw[s] all reasonable inferences in favor of' the non-moving party." *Id.* (quoting *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 702 (4th Cir. 2016)). "A motion for judgment on the pleadings pursuant to Rule 12(c), . . . should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." *Id.* (quoting *United States v. Castillo*, Civ. No. PWG-19-3459, 2021 WL 825974, at *3 (D. Md. Mar. 4, 2021)).

---

[8] The Court notes that neither party has addressed whether the filing of the TAC would impact the Amended Counterclaim or the motion for judgment on the pleadings. In general, "[a] plaintiff's filing of an amended complaint does not moot a counterclaim alleged within an answer to the original complaint." *Cortez-Melton v. Cap. One Fin. Corp.*, No. 3:19CV127, 2021 WL 771754, at *9 (E.D. Va. Feb. 26, 2021) (quoting *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Reservation*, No. 3:17cv1436, 2018 WL 3970094, at *7 (S.D. Cal. Aug. 20, 2018)). As neither party argues in its briefing regarding the TAC that the filing of the TAC impacts Orszag's tortious interference claim, or the pending motion related to it, the Court will proceed to resolve the motion for judgment on the pleadings.

13

Counterclaim Defendants argue that the *Noerr-Pennington* doctrine mandates dismissal of Orszag's tortious interference claim (Count V). ECF 130-1, at 8. The *Noerr-Pennington* doctrine "safeguards the First Amendment 'right to petition the government for a redress of grievances,' U.S. Const. amend. I, by immunizing citizens from the liability that may attend the exercise of that right." *Navient Sols., LLC v. Lohman*, 136 F.4th 518, 522 (4th Cir. 2025) (quoting *Waugh Chapel S., LLC v. United Food & Com. Workers Union Loc. 27*, 728 F.3d 354, 362 (4th Cir. 2013)). However, the immunity provided by *Noerr-Pennington* is not absolute. The sham exception to *Noerr-Pennington* holds that the First Amendment offers no protection where a litigation is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 312 (4th Cir. 2003) (quoting *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993)). The *Noerr-Pennington* doctrine is an affirmative defense, and a motion that "tests only the sufficiency of a complaint . . . 'cannot reach the merits of an affirmative defense . . . . [unless] all facts necessary to the affirmative defense clearly appear *on the face of the complaint*.'" *Waugh*, 728 F.3d at 359–60 (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)) (emphasis in *Goodman*); *cf. Leading Tech. Composites, Inc. v. MV2, LLC*, Civ. No. CCB-19-1256, 2019 WL 4962312, at *4 n.3 (D. Md. Oct. 8, 2019) ("The Fourth Circuit . . . has expressed hesitancy in considering the affirmative defense of *Noerr-Pennington* at the motion to dismiss stage." (citing *Waugh*, 728 F.3d at 359–60)).

Here, Orszag argues that the *Noerr-Pennington* doctrine is not appropriately resolved on the pleadings. ECF 145, at 11. The Court observes that Orszag alleges facts in the Amended Counterclaim "that raise the possibility of the application of the sham exception to the" *Noerr-Pennington* doctrine. *Klein v. Altria Grp., Inc.*, 525 F. Supp. 3d 638, 662 (E.D. Va. 2021); *see*

*also, e.g.,* ECF 122, at 27 (alleging Counterclaim Defendants filed "a bad-faith lawsuit for the sole and admitted purpose of 'putting a cloud over' Mr. Orszag's head"), at 70 (alleging that the lawsuit was brought to "prevent or delay Mr. Orszag from launching a competing venture"). "Therefore, the Court cannot resolve the application of [Counterclaim Defendants'] affirmative defense from the face of the" Amended Counterclaim alone. *Klein,* 525 F. Supp. 3d at 662; *see also Waugh,* 728 at 360 ("[T]he mere reference to the purportedly sham proceedings does not show—on the face of the complaint—whether *Noerr-Pennington* bars WCS's claims as a matter of law."). Accordingly, the Court declines to determine the applicability of the *Noerr-Pennington* doctrine solely on the pleadings alone. *Cf. Gov't Emps. Ins. Co. v. Apex Spine & Orthopaedics, PLLC,* No. 3:23-CV-00590-FDW-SCR, 2024 WL 2820370, at *3 (W.D.N.C. June 3, 2024) ("Courts have routinely declined to address the Noerr-Pennington doctrine at the motion to dismiss stage, particularly where the sham litigation exception may be involved."). Counterclaim Defendants' motion for judgment on the pleadings is DENIED.

### C.   Motions to Seal (ECFs 178, 200, 221, and 259)

As a final matter, the Court addresses the pending motions to seal at ECF 178, 200, 221, and 259.[9]  Local Rule 105.11 provides that "[a]ny motion seeking the sealing of . . . motions, exhibits[,] or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." (D. Md. 2025). The common law

---

[9] There was also previously a pending motion to seal at ECF 147, which requested that the Court seal Orszag's opposition to the motion for judgment on the pleadings. Upon review, the Court observed that ECF 147 contained only two copies of a proposed order and no motion. The Clerk's office directed Orszag to file a new motion to seal, *see* ECF 257, which Orszag filed on April 22, 2026, *see* ECF 259. The Court will now rule on this motion as at least fourteen days have passed since its filing. *See* Loc. R. 105.11 (D. Md. 2025) ("The Court will not rule upon the motion [to seal] until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties.").

presumes that the public has a right to inspect judicial records and documents, though this may be outweighed by the parties' interest in sealing documents. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Throughout this case, both parties have filed motions to seal based on the inclusion of sensitive personal, financial, and corporate information in various filings, all of which have been granted. *See, e.g.*, ECF 20; ECF 28; ECF 50; ECF 60; ECF 88; ECF 103. Each of the currently pending motions to seal ask the Court to seal filings that contain materials that are confidential or otherwise subject to the Stipulated Protective Order at ECF 71. ECF 178, at 1; ECF 200, at 2; ECF 221, at 1; ECF 259, at 2. In light of that protective order and noting no opposition to the motions, the Court finds good cause exists to grant the motions and grants them for the reasons noted in each motion to seal. Accordingly, Orszag's response to the motion for judgment on the pleadings, ECF 147, FTI's third amended complaint and redlined third amended complaint, ECF 179, Orszag's opposition to the motion for leave to file a third amended complaint, ECF 199, and FTI's reply in support of the motion for leave to file a third amended complaint, ECF 222, will be sealed.

## III.   CONCLUSION

For the foregoing reasons, FTI's motion for leave to file a third amended complaint and increase page limits, ECF 177, is GRANTED. The Clerk is directed to docket the third amended complaint, ECF 179-1, UNDER SEAL as the operative complaint. The Clerk is also directed to docket the redacted copy of the TAC located at ECF 177-1. The Counterclaim Defendants' motion for judgment on the pleadings, ECF 130, is DENIED. The motions to seal at ECF 178, 200, 221, and 259 are GRANTED.

A separate implementing order will issue.

Dated: <u>May 15, 2026</u>

<u>/s/</u>

Brendan A. Hurson
United States District Judge

16