**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FTI CONSULTING, INC., ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 23-3200-BAH |
| JONATHAN ORSZAG ET AL., | * | |
| Defendants. | * | |
| JONATHAN ORSZAG, | * | |
| Counterclaim Plaintiff, | * | |
| v. | * | |
| FTI CONSULTING, INC., ET AL, | * | |
| Counterclaim Defendants. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiffs FTI Consulting, Inc. ("FTI") and Compass Lexecon, LLC ("Compass") (collectively "Plaintiffs") brought suit against Jonathan Orszag ("Orszag"), Mark Israel ("Israel"), and Econic Partners, LLC ("Econic") (collectively "Defendants") asserting various claims arising from events surrounding the end of Orszag and Israel's employment with FTI. ECF 277 (third amended complaint ("TAC")).[1] Orszag also filed counterclaims against FTI and Steven Gunby alleging breach of contract, tortious interference with business relations, and unjust enrichment. ECF 122.[2] Each Defendant has moved to dismiss the TAC. ECF 298

[1] The sealed version of the TAC is docketed at ECF 277, while the redacted version is docketed at ECF 278. The Court will cite to the complete document provided at ECF 277, but does not include any of the information redacted in ECF 278.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

(Econic); ECF 300 (Orszag); ECF 307 (Israel). Pending before the Court is Defendants' motion to stay briefing on their motions to dismiss the TAC ("the motion").[3] ECF 340. Plaintiffs oppose the motion, ECF 345, and Defendants replied, ECF 346. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the motion to stay briefing is GRANTED.

## I. BACKGROUND[4]

The Court granted Plaintiffs' motion for leave to file a third amended complain on May 15, 2026. ECF 276. That decision rendered the TAC Plaintiffs' operative pleading, which is docketed at ECF 277 (sealed) and ECF 278 (redacted). Defendants each filed a motion to dismiss the TAC. ECF 298; ECF 300; ECF 307. Orszag and Israel also each filed a motion to compel arbitration contemporaneously with their motions to dismiss on July 17, 2026. ECF 302 (Orszag); ECF 305 (Israel). The Court adopted the parties' joint proposed briefing schedule on August 12, 2026, under which Defendants' reply briefs in support of their motions to dismiss are due on October 15, 2026. ECF 316. Plaintiffs filed their combined response in opposition to the motions to dismiss on September 15, 2026. ECF 334. That same day, Plaintiffs filed a motion for leave to file a fourth amended complaint. ECF 331. Defendants now move to stay the briefing on the TAC—in particular, they seek to stay their reply brief deadline. ECF 340-1, at 4 (memorandum in support of motion to stay). Plaintiffs oppose the motion, ECF 345, and Defendants filed a reply, ECF 346.

---

[3] Also pending before the Court are numerous other motions, including: motions to dismiss the TAC, ECFs 298, 300, 307; motions to compel arbitration, ECFs 302, 305; a motion for leave to file amended complaint, ECF 331; and various motions to seal, ECFs 304, 309, 310, 318, 324, 332, 335, 348. This opinion does not resolve those motions.

[4] Much of the relevant factual and procedural background is set forth in the Court's previous memorandum opinions, ECFs 80, 112, 275, and the Court assumes familiarity with those opinions.

## II. LEGAL STANDARD

"A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket." *City of Annapolis, Md. v. BP P.L.C.*, Civ. No. ELH-21-772, 2021 WL 2000469, at *2 (D. Md. May 19, 2021) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The moving party bears the burden to "justify [the requested stay] by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Courts generally consider three factors when deciding a discretionary motion to stay:

> (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Bd. of Trs. of Teamsters Loc. 631 Sec. Fund v. Arata Expositions, Inc.*, Civ. No. JRR-26-147, 2026 WL 933297, at *2 (D. Md. Apr. 7, 2026) (internal quotations omitted) (quoting *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018)).

## III. ANALYSIS

Defendants argue that a stay of the motion to dismiss briefing schedule is warranted pending the Court's adjudication of the motions to compel arbitration and the motion for leave to amend. ECF 340-1, at 9–10. These motions present, in Defendants' view, "threshold questions," such as "which pleading is operative, and which forum will hear the disputed claims." *Id.* at 10. They contend that the outcome of these motions could moot, in whole or in part, the pending motions to dismiss, and therefore the relative hardship to the parties and judicial economy support a stay. *Id.* at 7–10. Plaintiffs oppose the stay, arguing that Defendants have not met their burden to establish that such a stay is necessary. ECF 345, at 6. Plaintiffs view the requested stay as "indefinite" and contend that neither set of pending

motions justifies the relief Defendants seek. *Id.* at 7, 10–11. The Court agrees with Defendants that a limited stay is warranted.

The primary factor supporting a stay is Defendants' hardship. Defendants seek by the present motion to avoid a "waste of resources" in the form of briefing a motion at risk of becoming moot. ECF 340-1, at 7. "When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded." *Jacobs v. Nissan N. Am.*, Civ. No. GLR-22-2437, 2024 WL 3090139, at *4 n.6 (D. Md. June 20, 2024) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)). In the same vein, when courts grant a plaintiff's motion to amend their complaint, they habitually deny any pending motions to dismiss the then-superseded complaint. *See, e.g.*, *Palmer v. W&T Travel Servs.*, Civ. No. PX-19-2588, 2020 WL 2467322, at *3 (D. Md. May 13, 2020) (granting motion for leave to amend complaint and denying motion to dismiss superseded complaint as moot); *Morgan v. Coppin State Univ.*, Civ. No. SAG-20-0427, 2020 WL 6485083, at *3 (D. Md. Nov. 4, 2020) (same); *Acosta v. Ingerman & Horwitz, LLC*, Civ. No. WDQ-14-1605, 2015 WL 795108, at *5 (D. Md. Feb. 24, 2015) (same).

Plaintiffs have filed a motion for leave to amend their complaint, ECF 331, and since "it is generally improper to resolve the motion to dismiss before deciding the motion to amend," *Gates v. Morris*, No. 2:17–cv–03392, 2018 WL 1582470, at *2 (S.D. W. Va. Mar. 29, 2018) (citing *Talley v. Ocwen Loan Servicing, LLC*, 673 Fed. App'x 329, 330 (4th Cir. 2017)), Defendants have established that they are at risk of their motions to dismiss becoming moot in the event the Court grants Plaintiffs' motion to amend. Defendants' pending motions to compel arbitration create a similar risk, although those motions, if granted, only hold the potential to partially moot the motions to dismiss. ECF 340-1, at 9; *see also Williams v. Cello P'ship*, 825 F. Supp. 3d 551, 562 (D. Md. 2026) (denying motion to dismiss as moot when the court "compelled [the relevant] claims to arbitration").

Plaintiffs, by contrast, have not demonstrated that they would suffer damage or prejudice if the stay were granted. Plaintiffs argue that the stay would prejudice them by "postpon[ing] resolution of issues to which plaintiffs already [ ] devoted significant time and resources"—namely, the motions to dismiss—since Defendants filed the motion to stay "after plaintiffs devoted significant resources to oppose the motions to dismiss." ECF 345, at 7 (emphasis omitted) (quotations omitted). However, as Defendants note, ECF 346, at 4, this argument fails to account for the fact that Plaintiffs filed their motion to amend—which forms the basis of many of Defendants' arguments in support of the stay—on the same day Plaintiffs filed their opposition. To the extent this sequence of events prejudices Plaintiffs, it is prejudice of their own making.

Plaintiffs' other arguments are similarly unavailing. They contend that the requested stay would "hinder judicial economy" by preventing the Court from deciding the motions to dismiss "simultaneously" with the motion to amend and the motions to compel arbitration, as Plaintiffs requested in their motion to amend. ECF 345, at 7–8 (capitalization altered). However, if the Court grants Plaintiffs leave to amend, as they have requested, the motions to dismiss can still be resolved "simultaneously" insofar as they must be denied as moot. *See Jacobs*, 2024 WL 3090139, at *4 n.6. The stay could impede judicial economy only if the Court denies Plaintiffs leave to amend, because then the motions to dismiss would not be ripe for adjudication in the same opinion. Any delay in ripeness would be brief, as Defendants will be directed to file their replies within fourteen days of any decision that may permit the TAC to continue in its present form. *See* Loc. R. 105.2.a (D. Md. 2025) (setting default reply brief deadline to fourteen days after the service of the opposition brief).

Moreover, as Defendants note, ECF 340-1, at 9–10, the requested stay is limited both in scope and in time. *Cunningham v. Homeside Fin., LLC*, Civ. No. MJG-17-2088, 2017 WL 5970719, at *2 (D. Md. Dec. 1, 2017) (noting that "the court must ensure that the stay is not

'immoderate' and limit the scope of the stay within a reasonable time frame" (citing *Landis*, 299 U.S. at 257)). The stay Defendants seek would only pause the filing of the reply briefs for three pending motions, while approximately eleven other motions in this case will continue on their ordinary course to adjudication. *See supra* note 3. And contrary to Plaintiffs' assertion that the requested stay is "indefinite," ECF 345, at 7, the stay would automatically terminate upon the Court's adjudication of the pending motions to compel arbitration and the motion to amend.

For those reasons, a limited stay is warranted. However, in the absence of a compelling reason to extend the default deadlines established by the Local Rules, Defendants will be directed to file their replies, if any, within fourteen days of the Court's resolution of the above-referenced motions, rather than the thirty days they requested. ECF 340-1, at 11.

## IV. CONCLUSION

For the foregoing reasons, the motion to stay briefing is **GRANTED.** A separate implementing Order will issue.

Dated: October 9, 2026

/s/
Brendan A. Hurson
United States District Judge